UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
THE BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK

                                          Plaintiff,

                                v.

UNITED STATES DEPARTMENT OF EDUCATION,
LINDA MCMAHON, in her official capacity as Secretary
of the United States Department of Education, CRAIG W.
TRAINOR, in his capacity as Acting Assistant Secretary for
Civil Rights, and LINDSEY M. BURKE, in her capacity as
Deputy Chief of Staff for Policy and Programs,

                                          Defendants.
------------------------------------------------------------------------x

No. 25-cv-08547 (AS)

**DECLARATION OF MELANIE C. T. ASH**

      MELANIE C. T. ASH, pursuant to 28 U.S.C. § 1746(2), declares under penalty of perjury that the following is true and correct:

      1.     I am over the age of eighteen and have personal knowledge of all the facts stated herein, including knowledge based on the books and records of my office referenced herein.

      2.     I am a Deputy Chief in the office of the Corporation Counsel of the City of New York, and am the Lead Trial Attorney representing the Board of Education of the City School District of the City of New York ("NYCPS") in the above-entitled action. I am admitted to practice in the courts of the State of New York and in the United States District Court for the Southern District of New York.

      3.     This lawsuit challenges Defendants' actions taken abruptly, without notice or hearing, to discontinue five Magnet School Assistance Project ("MSAP") grants—impacting 19 NYCPS elementary, middle, and high schools—in the middle of the school year, based on purported findings of violations of Title IX of the Education Amendments of 1972, 20 U.S.C. §

1681. These "findings" were reached without according NYCPS any of the process required by statute, and were effectuated without complying with the Congressional reporting requirement.

4. Defendants carried out the discontinuance by issuing amended Grant Award Notifications ("GANs"), which set the MSAP grant performance period end dates to September 30, 2025, and denied NYCPS a no-cost extension of the performance period that would have allowed continued access to unspent Fiscal Year ("FY") 2025 funds ("Carryover Funds") that would otherwise have been available to support the operations of the 19 affected magnet schools pending resolution of this case.

5. NYCPS respectfully moves this Court, pursuant to the accompanying Order to Show Cause, Memorandum of Law, Declaration of Melissa Aviles-Ramos and exhibits attached thereto, and Declaration of Seritta Scott and exhibits attached thereto, to order that Defendants show cause as to why they should not be ordered to rescind the September 29, 2025 amended GANs, rescind the denial of the no-cost grant extensions, and take such other steps as are necessary to enable NYCPS to access and use the Carryover Funds from the FY 2025 MSAP grant awards pending the determination of this action. No prior request has been made for the relief sought herein.

6. Unless this Order is issued, NYCPS will continue to suffer irreparable harm due to the Defendants' failure to provide NYCPS with the statutorily-required Title IX process before taking enforcement action to discontinue federal funding, as well as the immediate and irreparable harms as described in the annexed declarations and the memorandum of law.

7. Pursuant to this Court's Amended Standing Order M10-468 dated October 2, 2025, on October 16 2025 at 9:03 a.m., I served a copy of the Complaint filed in this action on the Civil

Division of the United States Attorney's Office for the Southern District of New York ("USAO") by electronic mail addressed to jeffrey.oestericher@usdoj.gov.

8. In the email, I advised Mr. Oestericher that NYCPS would be seeking a preliminary injunction by Order to Show Cause. I asked for his consent to the following abbreviated briefing schedule: any opposition to be filed by the Defendants on or before the close of business on Thursday, October 23, 2025; and Plaintiff's reply to be filed on or before the close of business on Monday, October 27, 2025.

9. I received a response to my proposed briefing schedule from Assistant U.S. Attorney Danielle Marryshow, on behalf of the USAO. She advised that the Defendants would be unable to file their opposition on the proposed schedule, due to the ongoing government shutdown. She proposed, as an alternative, that Defendants be given until November 7, 2025 to file their opposition, and offered NYCPS whatever time necessary to file its reply.

10. In response, I explained that NYCPS is bringing this motion by Order to Show Cause to seek an abbreviated schedule, and that USAO's proposed schedule would actually extend the briefing schedule beyond the standard 14-day time period to respond to a motion provided under Local Civil Rule 6.1(b). Given the urgency of this motion to the 19 affected magnet schools, I advised that NYCPS cannot agree to the USAO's proposed extended briefing schedule.

11. AUSA Marryshow has asked that I convey the following position to the Court:

> Plaintiff's proposed briefing schedule presents significant difficulties for the Government given the ongoing government shutdown. While the Government is still confirming the status of employees with knowledge of this matter, it is likely that any such employees are among those that have been furloughed. In order for the Government to have sufficient time to determine whether any relevant individuals need to be recalled, confer with those individuals, and prepare its response, the Government proposes that its opposition be due on November 7, 2025, and takes no position on the due date of Plaintiff's reply.

12. In response to the USAO's position, NYCPS reiterates that, as set out in the annexed supporting papers, this is a matter of great urgency to NYCPS, and to the approximately 7700 students whose magnet schools are being irreparably affected by the government's unlawful actions. Further, I note that this Court's Amended Standing Order, issued in response to the government shutdown, ordered that it "shall not extend the United States' deadlines to respond to motions for … preliminary injunctions…."

Dated: New York, New York
October 16, 2025

_____
MELANIE C. T. ASH