# Exhibit 2



**Liz Vladeck**
*General Counsel*

September 19, 2025

Craig W. Trainor
Acting Assistant Secretary for Civil Rights
United States Department of Education
Office for Civil Rights
VIA EMAIL: Craig.Trainor@ed.gov

Dear Acting Assistant Secretary Trainor:

We received your letter dated September 16, 2025, addressed to Gregory Faulkner, Chairperson, Panel for Education Policy of the New York City Department of Education ("NYCDOE"). This letter is submitted on behalf of Melissa Aviles-Ramos, Chancellor, the superintendent of schools and chief executive officer for the New York City school district. Please address future correspondence to Chancellor Aviles-Ramos and copy me.

Your letter states that you will not certify NYCDOE's Magnet School Assistance Program ("MSAP") grants under 20 USC 7231d(c)[i] for five approved and operating Magnet School Programs and that these grants "will be non-continued" under 34 C.F.R. 75.253(a)(5) because it is no longer in the best interest of the Federal Government to fund these programs. Your letter states that this decision is based on "findings" that NYCDOE's Guidelines to Support Transgender and Gender Expansive Students ("Guidelines") violate Title IX. You conclude by offering NYCDOE the opportunity to request reconsideration pursuant to 34 C.F.R. 75.253(g)[ii] on condition of notifying the Office of Civil Rights ("OCR") by Friday September 19, 2025, whether DOE will agree to take certain remedial steps.

Given the representations in your letter and the implications for approved and operating school programs, it is not reasonable to afford NYCDOE three business days to request reconsideration. We therefore request a reasonable extension of 30 days to consider whether to request reconsideration of this decision.

Determining whether and how to respond to your letter will require the NYCDOE, among other things, to consider the impact of the denial of grant funds on the individual schools and students attending those schools. Given the limited information in your letter, we request responses to the following questions to assist NYCDOE in the evaluation of its options:

- Please explain why the Secretary, in summarily concluding that NYCDOE is in violation of Title IX, has deprived the NYCDOE of the procedures and due process required by federal regulations before discontinuing funding based on alleged noncompliance.[iii]
- Please explain the nexus between your interpretation of Title IX and the MSAP grant funding that is being discontinued. The policies that you cite are not specific to the MSAP and your letter does not provide a basis for targeting MSAP grants. Nor is it clear how OCR's interpretation of Title IX

**Office of the General Counsel * 52 Chambers Street * Room 320 * New York, NY 10007**



impacts the goals of the MSAP to expand access and educational opportunities for underserved communities.

- Public statements suggest that only three school districts nationally have been sent letters advising that MSAP grants are being discontinued. Please explain the basis for selecting these three districts.
- Please confirm that MSAP grant funding already authorized for Fiscal Year 25, but not yet spent, may be used as carryover for expenditures made in Fiscal Year 26 for the five Magnet School Programs.
- Please provide us with a copy of the OCR's written procedures for processing objections, hearings, and appeals, as required by 34 C.F.R. 200.342.

Thank you for your consideration of this request and we look forward to receiving the requested information.

Sincerely,

Liz Vladeck
General Counsel

cc:     Melissa Aviles-Ramos, Chancellor, NYC Department of Education
        Gregory Faulkner, Chairperson, NYC Panel for Educational Policy
        W. Mike Jayne, Office of Civil Rights, U.S. Department of Education

---

i       20 U.S.C. 7231d(c) provides: "No grant shall be awarded under this part unless the Assistant Secretary of Education for Civil Rights determines that the assurances described in subsection (b)(2)(C) will be met."

ii      34 C.F.R. 75.253(g) provides: "***Request for reconsideration.*** If the Secretary decides not to make a continuation award under this section, the Secretary will notify the grantee of that decision, the grounds on which it is based, and, consistent with 2 C.F.R. 200.342, provide the grantee with an opportunity to request reconsideration of the decision.

(1) A request for reconsideration must—

(i) Be submitted in writing to the Department official identified in the notice denying the continuation award by the date specified in that notice; and

(ii) Set forth the grantee's basis for disagreeing with the Secretary's decision not to make a continuation award and include relevant supporting documentation.

iii     20 USC 1232i(b)Noncompliance with nondiscrimination provisions of Federal law. The extension of Federal financial assistance to a local educational agency may not be limited, deferred, or terminated by the Secretary on the ground of noncompliance with title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.]  et seq.] or any other nondiscrimination provision of Federal law unless such agency is accorded the right of due process of law, which shall include—

**(1)** at least 30 days prior written notice of deferral to the agency, setting forth the particular program or programs which the Secretary finds to be operated in noncompliance with a specific provision of Federal law;

**(2)** the opportunity for a hearing on the record before a duly appointed administrative law judge within a 60-day period (unless such period is extended by mutual consent of the Secretary and such agency) from the commencement of any deferral;



**(3)** the conclusion of such hearing and the rendering of a decision on the merits by the administrative law judge within a period not to exceed 90 days from the commencement of such hearing, unless the judge finds by a decision that such hearing cannot be concluded or such decision cannot be rendered within such period, in which case such judge may extend such period for not to exceed 60 additional days;

**(4)** the limitation of any deferral of Federal financial assistance which may be imposed by the Secretary to a period not to exceed 15 days after the rendering of such decision unless there has been an express finding on such record that such agency has failed to comply with any such nondiscrimination provision of Federal law; and

**(5)** procedures, which shall be established by the Secretary, to ensure the availability of sufficient funds, without regard to any fiscal year limitations, to comply with the decision of such judge. (emphasis added)