UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

THE BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK

                              Plaintiff,

                                   v.

UNITED STATES DEPARTMENT OF EDUCATION, LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, KIMBERLY M. RICHEY, in her capacity as Assistant Secretary for Civil Rights, and LINDSEY M. BURKE, in her capacity as Deputy Chief of Staff for Policy and Programs,

                              Defendants.

------------------------------------------------------------------------x

25-cv-08547 (AS)(OTW)

**[PROPOSED] CONSENT ORDER AND WITHDRAWAL OF MOTION FOR PRELIMINARY INJUNCTION**

## [PROPOSED] CONSENT ORDER

**WHEREAS**, in a letter dated September 16, 2025, the United States Department of Education ("ED") gave notice to the Board of Education of the City School District of the City of New York ("NYCPS") that it was non-continuing grants awarded to five NYCPS Magnet School Assistance Program consortia under the following grant award numbers: S165A22032, S165A22034, S165A22037, S165A230011, and S165A230012;

**WHEREAS**, Defendants assert that in the letter, as a result of "findings" under Title IX, the Assistant Secretary of Education for Civil Rights refused to certify that the grantees will meet

1

their civil rights assurances pursuant to 20 U.S.C. 7231d(c). Thus, ED stated that it intended to non-continue grants because they were no longer in the best interest of the federal government under 34 C.F.R. § 75.253(a)(5);

**WHEREAS**, NYCPS disputes Defendants' characterization and believes the September 16, 2025 letter speaks for itself;

**WHEREAS**, ED issued Grant Award Notifications ("GANs") on September 29, 2025, revising the end date of the performance period for the five grants to September 30, 2025, with the consequence that NYCPS would not have access to remaining non-expended funds awarded in, and carried over from, the previous budget year (October 1, 2024 – September 30, 2025) (the "Carryover Funds") for any expenses incurred in connection with the operation of the schools after September 30, 2025;

**WHEREAS**, on October 15, 2025, plaintiff filed this action, and on October 16, 2025 filed a motion for a preliminary injunction seeking an order, in part, that the September 29, 2025 GANs be vacated and rescinded such that the end date of the performance periods for the grants would revert to September 30, 2027 for three of the grants and September 30, 2028 for two others, permitting NYCPS to use Carryover Funds for reimbursement of FY2026 expenses during the pendency of this action;

**WHEREAS**, on November 12, 2025, this Court ordered that "defendants' counsel should consult with their clients to determine whether defendants would agree to permit plaintiff to use non-expended funds from the prior budget year for the current budget year, including for

obligations arising after September 30, 2025," which "would moot plaintiff's motion for interim relief." (Dkt. 33);

**WHEREAS**, on November 13, 2025, a hearing was held on the motion for a preliminary injunction, at which time the parties informed the Court that they had reached an agreement in response to the Court's order; and

**WHEREAS,** Plaintiff will submit to ED by December 1, 2025, its most recent legally required budgets for each grant reflecting the current intended use of the Carryover Funds;

**IT IS HEREBY ORDERED THAT, ON CONSENT OF THE PARTIES:**

1. Plaintiff may use, and draw down reimbursements from, all remaining Carryover Funds, for the period beginning October 1, 2025 and ending June 30, 2026, for any permissible expenses or obligations incurred under the grants up to and through June 30, 2026;

2. Defendants will fully cooperate with NYCPS in facilitating the drawdown of Carryover Funds;

3. Plaintiff withdraws its pending motion for a preliminary injunction, without prejudice;

4. Defendants agree to produce the administrative record relevant to the non-continuation of these five grants to NYCPS by November 25, 2025; and


5. The parties agree to proceed by way of expedited summary judgment motion(s) on a schedule to be agreed upon, subject to the permission and availability of the Court.

Dated: New York, New York
      November 19, 2025

| **MURIEL GOODE-TRUFANT** | **JAY CLAYTON** |
|---|---|
| Corporation Counsel of the City of New York | United States Attorney for the Southern District of New York |
| By: _____ | By: */s/ Jeffrey Oestericher* |
| Melanie C.T. Ash | Jeffrey S. Oestericher |
| Deputy Chief, Affirmative Litigation | Assistant United States Attorney |
| New York City Law Department | United States Attorney's Office |
| 100 Church Street | 86 Chambers Street, 3rd Floor |
| New York, NY 10007 | New York, New York 10007 |
| (212) 356-2276 | (212) 637-2695 |
| Attorneys for the Plaintiff | Attorneys for the Defendants |

With the withdrawal without prejudice of plaintiff's motion for a preliminary injunction, the Clerk of Court is respectfully directed to terminate the motion at Dkt. 4.

So Ordered: _____
Arun Subramanian, U.S.D.J.
November 20, 2025