UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK,

                Plaintiff,

      v.

UNITED STATES DEPARTMENT OF EDUCATION, LINDA MCMAHON, in her capacity as Secretary of the United States Department of Education, KIMBERLY M. RICHEY, in her capacity as Assistant Secretary for Civil Rights, and LINDSEY M. BURKE, in her capacity as Deputy Chief of Staff for Policy and Programs,

                Defendants.

No. 25 Civ. 08547 (AS)

---

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' CROSS-MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

---

JAY CLAYTON
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.:   (212) 637-2695
*Attorney for Defendants*

STANLEY E. WOODWARD, JR.
Associate Attorney General
ABHISHEK KAMBLI
Deputy Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

JEFFREY OESTERICHER
Assistant United States Attorney
    - Of Counsel -

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ..................................................................................................................... 2

    I.    This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims ............................. 2

        A.    The Tucker Act Precludes This Court from Exercising Jurisdiction Over Plaintiff's Claims ....................................................................................................... 2

        B.    Plaintiff's APA Claims Are Unreviewable Because the Decision to Non-Continue Funding Is Committed to Agency Discretion ................................................. 6

    II.    In The Alternative, The Government Is Entitled To Summary Judgment ......................... 7

        A.    ED Observed All Procedures Required by Law When Non-Continuing the MSAP Grants (Counts I and II) ............................................................................... 7

        B.    ED's Actions Were Not Arbitrary and Capricious (Count III) ........................................ 8

        C.    No Further Notice and Comment Rulemaking Was Required (Count IV) and ED's Actions Were Not Contrary to Law (Count V) ............................................... 10

CONCLUSION ................................................................................................................ 11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Azatullah v. Noem*,
    No. 23-7722, 2025 WL 2407531 (2d Cir. Aug. 20, 2025) ............................................................ 9

*B.K. Instrument, Inc. v. United States*,
    715 F.2d 713 (2d Cir. 1983) ...................................................................................................... 5

*Bd. of Educ. for the Silver Consol. Schs. v. McMahon*,
    791 F. Supp. 3d 1272 (D.N.M. 2025) ....................................................................................... 3

*Carson Products Co. v. Califano*,
    594 F.2d 453 (5th Cir. 1979) .................................................................................................... 8

*Department of Education v. California*,
    604 U.S. 650 (2025) .................................................................................................................. 6

*Fairfax Cnty. School Bd. v. McMahon*,
    798 F. Supp. 3d 563 (E.D.V.A. 2025) ...................................................................................... 3

*Falls Riverway Realty, Inc. v. City of Niagara Falls*,
    754 F.2d 49 (2d Cir. 1985) ....................................................................................................... 3

*FDA v. Wages & White Lion Invs. LLC*,
    604 U.S. 542 (2025) ................................................................................................................ 10

*Megapulse, Inc. v. Lewis*,
    672 F.2d 959 (D.C. Cir. 1982) .................................................................................................. 2

*National Institutes of Health ("NIH") v. American Public Health Association*,
    145 S. Ct. 2658 (2025) ......................................................................................................... 3, 6

*New York v. National Science Foundation*,
    793 F. Supp. 3d 562 (S.D.N.Y. 2025) ...................................................................................... 5

*New York v. Trump*,
    778 F. Supp. 3d 578 (S.D.N.Y. 2025) ...................................................................................... 9

*Presidential Gardens Assocs. V. U.S. ex rel. Secretary of Housing and Urban Dev.*,
    175 F.3d 132 (2d Cir. 1999) ..................................................................................................... 5

*SEC v. Chenery Corp.*,
    318 U.S. 80 (1943) .................................................................................................................... 4

*Sharp v. Weinberger*,
  798 F.2d 1521 .................................................................................................................. 5

*Texas v. Cardona*,
  743 F. Supp. 3d 824 (N.D. Tex. 2024) .......................................................................... 10

*Tzumi Innovations LLC v. Regan*,
  557 F. Supp. 3d 499 (S.D.N.Y. 2021) ........................................................................... 10

*Up State Fed. Credit Union v. Walker,*
  198 F.3d 372 (2d Cir. 1999) ........................................................................................... 3

*Washington v. U.S. Dep't. of Educ.*,
  No. C25-1228-KKE, 2025 WL 3690779 (W.D. Wash. Dec. 19, 2025) ....................... 8

**Statutes**

5 U.S.C. § 702 ....................................................................................................................... 2

5 U.S.C. § 704 ....................................................................................................................... 2

20 U.S.C. § 1682 ................................................................................................................... 7

20 U.S.C. § 1683 ................................................................................................................... 3

20 U.S.C. § 7231d(b)(2)(C) ................................................................................................. 8

**Regulations**

2 C.F.R. § 200.342 ........................................................................................................... 7, 8

34 C.F.R. § 75.236 ................................................................................................................ 5

34 C.F.R. § 75.253 ................................................................................................................ 7

34 C.F.R. § 75.253(a) ....................................................................................................... 4, 5

34 C.F.R. § 75.253(a)(5) ............................................................................................. passim

34 C.F.R. § 75.253(b) ....................................................................................................... 4, 8

34 C.F.R. § 75.253(g) ....................................................................................................... 7, 8

**PRELIMINARY STATEMENT**

This case is, at bottom, a contract dispute over the discontinuation of federal grant funding. Plaintiff seeks to recast that dispute as an Administrative Procedure Act ("APA") challenge in order to secure continued Magnet Schools Assistance Program ("MSAP") funds. But that effort is precluded by Supreme Court precedent.

The Tucker Act vests exclusive jurisdiction in the Court of Federal Claims over claims against the United States that are, in essence, contractual. The claims Plaintiff asserts here arise from the MSAP grant agreements, and Plaintiff's prime objective is to obtain money from the Department of Education ("ED"). As the Supreme Court recently reaffirmed in *Department of Education v. California* and *National Institutes of Health v. American Public Health Association*, contractual disputes over federal grants fall within the exclusive jurisdiction of the Court of Federal Claims and cannot be repackaged as statutory or guidance-based challenges to evade the Tucker Act's jurisdictional command. Because this action is subject to exclusive review in the Court of Federal Claims, this Court lacks subject matter jurisdiction. This Court lacks jurisdiction for the additional reason that ED acted pursuant to 34 C.F.R. § 75.253(a)(5), a grant term that expressly authorizes non-continuation when continuation is no longer in the best interest of the Federal Government. That determination is committed to agency discretion and is therefore unreviewable under the APA.

Plaintiff's claims also fail on the merits. ED complied with all required procedures, provided notice and an opportunity to seek reconsideration, and articulated a rational basis for its decision grounded in statutorily relevant considerations concerning grantee performance. Plaintiff's attempt to recharacterize the non-continuation as a disguised Title IX enforcement

1

action ignores both the plain language of the agency's determination and the limited scope of the relief imposed.

For these reasons, Plaintiff's Complaint should be dismissed.

## ARGUMENT

I. **This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims**

   A. **The Tucker Act Precludes This Court from Exercising Jurisdiction Over Plaintiff's Claims**

The parties agree that APA does not waive sovereign immunity where the suit seeks "money damages" or if "any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." ECF No. 74 ("Pl's. Opp.") at 8 (quoting 5 U.S.C. §§ 702, 704). The parties also agree that the Tucker Act deprives this Court of jurisdiction over claims that are in "essence" contractual, and that in determining whether a claim is in essence contractual, the Court should look to (1) the source of the rights being asserted and (2) the type of relief sought. *Id*. at 8-9 (citing *Megapulse, Inc. v. Lewis*, 672 F.2d 959 (D.C. Cir. 1982)). Here, as previously briefed, both prongs establish that Plaintiff's claims are in essence contractual and, therefore, should be dismissed for lack of subject matter jurisdiction.

As to the first prong, Plaintiff concedes that the "the Complaint challenges the discontinuation of the grants," *id*. at 9, and the Complaint expressly states as much, Compl. ¶ 8 ("NYCPS brings this action to . . . order that the Department's discontinuation of NYCPS' MSAP grants be vacated and set aside . . . ."). Further, there is no dispute that the grants are contractual agreements under which the MSAP funding was previously disbursed. USDOE002622-USDOE002623; USDOE002745- USDOE002746; USDOE002992-USDOE002993; USDOE002858-USDOE002859; and USDOE002920- USDOE002921. As such, the source of the right Plaintiff is asserting is the grant agreements themselves, and not an "independent, non-

2

contractual source." *Up State Fed. Credit Union v. Walker,* 198 F.3d 372, 376 (2d Cir. 1999). In the absence of the grants, "'no cause of action would exist at all.'" *Id*. at 377 (quoting *Falls Riverway Realty, Inc. v. City of Niagara Falls,* 754 F.2d 49, 55 (2d Cir. 1985)); *see also Bd. of Educ. for the Silver Consol. Schs. v. McMahon*, 791 F. Supp. 3d 1272, 1284–86 (D.N.M. 2025) (finding the district court lacked subject matter jurisdiction despite Plaintiff's "attempts to mount statutory and constitutional challenges" to ED's non-continuation of grants under 34 C.F.R. § 75.253(a)(5) because "ultimately the controversy is over a contract").

Plaintiff's assertion that this view "reflects a troubling disregard for the essence of Title IX, which has as its goal the preservation of the continuity of education-related funding, regardless of whether it is contractual in nature," Pl's. Opp. at 9, is incorrect. As an initial matter, Plaintiff fails to address that Section 1683—the provision providing for judicial review of Title IX actions—only confers jurisdiction on this Court when the action is "not otherwise subject to judicial review." 20 U.S.C. § 1683. As relevant here, the Supreme Court in *NIH* held that the Court of Federal Claims has "exclusive" jurisdiction over grant termination disputes, and that this jurisdiction cannot be evaded by trying to package the claim with a challenge to agency guidance. *National Institutes of Health ("NIH") v. American Public Health Association*, 145 S. Ct. 2658, 2661-62 (2025) (Barrett, *J.*, concurring). Accordingly, Section 1683 does not apply because this action is subject to review in the Court of Federal Claims, and this Court lacks subject matter jurisdiction. *See Fairfax Cnty. School Bd. v. McMahon*, No. 25 Civ. 1432 (RDA/LRV), 798 F. Supp. 3d 563, 569-70 (E.D.V.A. 2025) (*appeals docketed,* No. 25-2087 (4th Cir. Sept. 11, 2025), 25-2107 (4th Cir. Sept. 16, 2025) (finding plaintiffs' reliance on 20 U.S.C. § 1683 to be "unavailing" as the Tucker Act provided for judicial review in the Court of Federal Claims).

Further, Section 1683 fails to confer jurisdiction for the separate reason that the grant

3

discontinuations were effectuated under 34 C.F.R. § 75.253(a)—a term and condition of the GANs—not § 1682. *See* September 16 Letter at USDOE000003; and September 26 Letter at USDOE000009-USDOE000010. Plaintiff concedes, as it must, that the September 16 Letter specifically invokes 34 C.F.R. § 75.253(a), Pl's. Opp. at 12, and there is no dispute that Section 75.253(a) is a term and condition of the MSAP Grants. USDOE002622-USDOE002623; USDOE002745- USDOE002746; USDOE002992-USDOE002993; USDOE002858-USDOE002859; and USDOE002920- USDOE002921. Yet, Plaintiff incorrectly asserts that under *SEC v. Chenery Corp.*, 318 U.S. 80 (1943), ED's citation to Section 75.253(a) "fails because the Letter was replete with findings that NYCPS violated Title IX, those findings were the sole basis given for the grant non-continuation, and the Department demanded the NYCPS remedy the violation." Pl's. Opp. at 12. But ED's reliance on 34 C.F.R. § 75.253(a)(5) to discontinue the MSAP funding was neither *post hoc* nor pretextual—it is the rationale provided in the administrative record. *See* September 16 Letter at USDOE000003; and September 26 Letter at USDOE000009-USDOE000010. And, as discussed *infra*, Section II.B, in making a best interest determination "the Secretary may consider *any* relevant information regarding grantee performance," including compliance with civil rights laws and regulations. 34 C.F.R. § 75.253(b) (emphasis added).

As to the second prong, Plaintiff does not deny that its prime objective is to obtain money from ED. *See* Pl's. Opp. at 13-16. Indeed, its press release regarding this lawsuit is entitled "City of New York Files Lawsuit Against U.S. Department of Education Seeking to Protect $47 Million in Federal Education Grants for New York City Public Schools," *see* https://www.nyc.gov/mayors-office/news/2025/10/city-of-new-york-files-lawsuit-against-u-s--department-of-educat (last visited February 16, 2026). Nonetheless, Plaintiff asks the Court to ignore its admitted money driven aims and instead focus on the relief sought in its motion for summary judgment. Pl's. Opp.

4

at 13. This is improper under binding Second Circuit precedent. *See Presidential Gardens Assocs. V. U.S. ex rel. Secretary of Housing and Urban Dev.*, 175 F.3d 132, 143 (2d Cir. 1999) ("In other words, equitable claims may not be brought against the United States 'where the prime objective of the plaintiff is to obtain money from the Government.'") (quoting *B.K. Instrument, Inc. v. United States,* 715 F.2d 713, 727 (2d Cir. 1983)).

While Plaintiff asks the Court to focus on the relief requested in its summary judgment motion, Pl's. Opp. at 13-14, "[t]o start, courts of course look to the complaint." *New York v. National Science Foundation*, 793 F. Supp. 3d 562, 580 (S.D.N.Y. 2025) (citing *Sharp v. Weinberger*, 798 F.2d 1521, 1523-24 (D.C. Cir. 1986)) (Scalia, *J.*). Here, the Complaint establishes that Plaintiff's prime objective is to obtain money from ED. *See, e.g.*, Compl. ¶¶ 8, 108, 115, 127, 134, Prayer for Relief (b), (c), (d) (requesting an injunction enjoining the discontinuation of funding, including "any other action to suspend, terminate, or refuse to continue the NYCPS' MSAP grants for the FY25 and FY26 periods," and ordering continuance of the MSAP grants under 34 C.F.R. § 75.253(a)).

Further, even the relief sought by Plaintiff at the summary judgment stage is contractual in nature. Plaintiff seeks an order vacating ED's discontinuation of the MSAP grants and requiring ED to issue a new continuation determination within 10 days of the order. ECF No. 50. However, Plaintiff's alleged entitlement to a continuation determination derives solely from its contractual relationship with ED. *See, e.g.*, USDOE002673 (incorporating 34 C.F.R. § 75.253 as a term and condition of the grant and setting forth the terms for continuation determinations); *see also* 34 C.F.R. § 75.236 ("The grant obligates both the Federal Government and the grantee to the requirements that apply to the grant.")

5

Finally, the Supreme Court has made clear that challenges to grant determinations, including ED grant determinations, belong in the Court of Federal Claims. *See Department of Education v. California*, 604 U.S. 650 (2025); *NIH v. American Public Health Association*, 145 S. Ct. 2658 (2025) (per curiam). Plaintiff's sole attempt to distinguish this action is that "neither case addressed claims based on statutory violations." Pl's. Opp. at 16. However, Justice Barrett was clear in pronouncing that "the Court of Federal Claims has *exclusive* jurisdiction over grant terminations," which "the plaintiffs cannot end-run . . . simply by packaging . . . with a challenge to agency guidance." *NIH*, 145 S.Ct. at 2661-62 (Barrett, *J.*, concurring) (citing *California*, 604 U.S. at 650-51).

### B.    Plaintiff's APA Claims Are Unreviewable Because the Decision to Non-Continue Funding Is Committed to Agency Discretion

ED's non-continuation decision was committed to agency discretion because the term under which the grants were non-continued is so broadly drawn that there is no meaningful standard by which to evaluate the decision. *See* ECF No. 57 ("Gov't MSJ") at 17-20. Specifically, ED indicated that it "non-continued [NYCPS' MSAP grants] under 34 C.F.R. § 75.253(a)(5) because it is no longer in the best interest of the Federal Government." September 16 Letter at USDOE000003. Plaintiff does not argue that decisions under these regulations are reviewable or offer any limits on the agency's discretion. Indeed, Plaintiff appears to abandon its arguments that the 1980 or 1994 ED regulations cabin ED's discretion on this score, solely relying on the notion that ED's non-continuation decision was a Title IX enforcement in disguise. *See* Pl's. Opp. at 13; *see also* Gov't MSJ at 18-20 (discussing 1980 and 1994 ED regulations).

But as already discussed, Title IX enforcement procedures do not apply here as the grants were non-continued under 34 C.F.R. § 75.253(a)(5). A Title IX action based on the Guidelines, which apply to all New York City public schools, not just magnet schools, would impact all current

6

and future ED funding to NYCPS—not just MSAP funding. *See* 20 U.S.C. § 1682 (limiting "the termination of or refusal to grant or to continue assistance" to the "particular political entity" and program in non-compliance with Title IX).[1] As such, it is clear from the plain language of the September 16 and 26 Letters and the restriction of the non-continuation decision to MSAP funding that Title IX is not applicable. Because Plaintiff makes no argument that 34 C.F.R. § 75.253 offers a meaningful standard by which the Court can evaluate the agency's decision, the Court lacks subject matter jurisdiction to consider them.

## II.     In The Alternative, The Government Is Entitled To Summary Judgment

### A. ED Observed All Procedures Required by Law When Non-Continuing the MSAP Grants (Counts I and II)

As discussed *supra*, Title IX's procedural requirements are inapplicable here. As such, they cannot form the basis for an APA claim, and the Government is entitled to summary judgment on Count I. Likewise, the Government is entitled to summary judgment as to Count II.

Plaintiff alleges that Defendants violated the APA by not providing it with a "notice of the grounds for its decision not to continue the grants, and consistent with 2 C.F.R. § 200.342, to provide NYCPS with the opportunity to challenge the decision and request reconsideration." Pl's. Opp. at 19. As previously addressed, Plaintiff is wrong. ED complied with 34 C.F.R. § 75.253(g), by notifying NYCPS of its decision not to continue the grants and the grounds on which the decision was based, and providing NYCPS with an opportunity to request reconsideration of the decision. This is precisely what the regulation requires. Yet, according to Plaintiff, it did not seek reconsideration. ECF No. 52 ("Pl's. MSJ") at 7.

---

[1] Indeed, as Plaintiff notes, ED has separately begun a Title IX investigation into a number of school districts, including NYCPS. *See* Pl's. Opp. at 5-6. If a Title IX determination had been made, there would be no need for such an investigation.

Plaintiff also argues that Defendants violated the APA by placing conditions on NYCPS' ability to seek reconsideration. However, neither 34 C.F.R. § 75.253(g) nor 2 C.F.R. § 200.342 limits ED's ability to put conditions on reconsideration, and the out-of-circuit case cited by Plaintiff—*Carson Products Co. v. Califano*, 594 F.2d 453 (5th Cir. 1979)—does not address either provision or the ability to place conditions on reconsideration.

### B.     ED's Actions Were Not Arbitrary and Capricious (Count III)

The Government has demonstrated that ED did not act arbitrarily and capriciously in non-continuing the MSAP grants, and the Court should grant the Government summary judgment on this claim.

First, Plaintiff argues, citing an out-of-circuit district court case, that the "best interests" determination is cabined by the language in 34 C.F.R. § 75.253(b)—ED can only consider "information regarding grantee performance," and that information must be limited to "items akin to those specifically enumerated—namely the required performance, fiscal, and management reports." *Washington v. U.S. Dep't. of Educ.*, No. C25-1228-KKE, 2025 WL 3690779, at *13 (W.D. Wash. Dec. 19, 2025). However, while not binding on this court, this case is easily distinguished. In that case, the court expressed concern, based on the facts of the case, that an expansive view of the "best interests" determination "would permit an agency to base continuation decisions on unpublished policy preferences rather than information submitted to the Department by grantees." *Id.* But here, ED's concerns regarding NYCPS' compliance with Title IX are squarely relevant to NYCPS's performance under the grant; grantees are prohibited by statute from "engag[ing] in discrimination based on . . . sex . . . in . . . designing or operating extracurricular activities for students." 20 U.S.C. § 7231d(b)(2)(C); *see also* September 16 Letter at USDOE000002 (citing Title IX concerns in the operation of extracurricular activities). Given this statutory mandate, the agency can address civil rights concerns as a consideration in determining whether it is in the best

8

interest of the federal government for a particular MSAP grant to be continued. Accordingly, while Plaintiff may substantively disagree with the decision, ED did not consider information outside the statutory criteria in deciding to non-continue the subject grants.

Next, Plaintiff's assertion that the agency's decision is arbitrary and capricious because the decision to non-continue the grant "was a complete reversal" of its prior decisions to continue the grants is unavailing. *See* Pl's. Opp. at 24. As the Government previously explained, for the "change in position" doctrine to apply, an agency must have set forth the position in a formal fashion. *New York v. Trump*, 778 F. Supp. 3d 578, 596 (S.D.N.Y. 2025). Plaintiff does not assert that ED did so. Instead, it attempts to factually distinguish *New York v. Trump*. But the doctrine simply does not apply where, as here, the agency never articulated its position in a formal manner. In the context of an immigration case, the Second Circuit recently rejected a similar claim by a plaintiff because the "complete reversal of position" concerning admissibility of the plaintiff "assumes that USCIS necessarily took a position . . . . But there is no evidence in the record that the agency made a prior determination" aside from "the implied determination that was made when his asylum was granted." *Azatullah v. Noem*, No. 23-7722, 2025 WL 2407531, at *3 (2d Cir. Aug. 20, 2025). So too here. ED never formally articulated a position on the Guidelines and therefore could not have changed its position on that score.

Finally, Plaintiff argues that ED failed to consider its reliance interests, arguing that it properly engendered those reliance interests due to "years of prior MSAP grant continuations determinations." *See* Pl's. Opp. at 24-25. But Plaintiff does not dispute that future years' funding was not guaranteed, and that each grant award notification made that clear. *See* Gov't MSJ at 26-27. Instead, Plaintiff claims the prior MSAP grant continuations are "more akin to the 'decades of industry reliance' which *does* properly engender serious reliance interests." Pl's. MSJ at 24 (citing

9

*FDA v. Wages & White Lion Invs. LLC*, 604 U.S. 542, 585 (2025)) (emphasis in original). But these are not comparable—the five MSAP grants at issue here were initially awarded in 2022 and 2023, hardly constituting decades of reliance on continuation. *See* Gov't MSJ at 4-5.

      **C.**    **No Further Notice and Comment Rulemaking Was Required (Count IV) and ED's Actions Were Not Contrary to Law (Count V)**

Plaintiff's argument that ED's Title IX concerns regarding the Guidelines reflect a changed interpretation to its 2021 Interpretive Guidance, which was published in the Federal Register, and that any such change required notice and comment rulemaking, is mistaken. *See* Pl's. Opp. at 25-26. Despite Plaintiff's arguments to the contrary, ED's Title IX regulations were not altered by the non-continuation decision. Plaintiff argues that *Texas v. Cardona* did not include a nationwide injunction. *Id.* But that is beside the point; the court in *Cardona* explicitly addressed the scope of the vacatur of the 2021 Interpretive Guidance and explained that the "vacatur in [the] case [was] necessarily universal in scope . . . because an unlawful regulation cannot be vacated as to only one party." *Texas v. Cardona*, 743 F. Supp. 3d 824, 893 (N.D. Tex. 2024). And even if the 2021 Interpretive Guidance as was not vacated in the Second Circuit, which Plaintiff suggests, *see* Pl's. Opp. at 26, Plaintiff fails to respond to the Government's arguments that notice-and-comment rulemaking is not required to vacate or alter interpretive guidance, *see* Gov't MSJ at 28. Because Plaintiff failed to establish "any changes to rules for which notice-and-comment rulemaking is required," *Tzumi Innovations LLC v. Regan*, 557 F. Supp. 3d 499, 509 (S.D.N.Y. 2021), summary judgment should be granted for the Government.

Finally, as to Count V, Plaintiff's only argument that the non-continuation was contrary to law is its disagreement with ED's interpretation of Title IX. *See* Pl's. Opp. at 27-28. But, again, the non-continuation was under 34 C.F.R. § 75.253(a)(5)—not Title IX. Because Plaintiff does not argue (as they must) that ED's non-continuation of the grants under 34 C.F.R. § 75.253(a)(5) was

10

unlawful, summary judgment should be granted for the Government on Count V.

## CONCLUSION

For the reasons stated in the Government's submissions, the Court should grant Defendants' cross-motion to dismiss or, in the alternative, for summary judgment pursuant to Federal Rules of Civil Procedure 12(b)(1) and 56, and deny Plaintiff's motion for summary judgment.

Dated: New York, New York
February 20, 2026

          Respectfully submitted,

          JAY CLAYTON
          United States Attorney for the
          Southern District of New York
          *Attorney for Defendants*

By:   */s/ Jeffrey Oestericher*
       JEFFREY S. OESTERICHER
       Assistant United States Attorney
       86 Chambers Street, 3rd Floor
       New York, New York 10007
       Tel: (212) 637-2695

       STANLEY E. WOODWARD, JR.
       Associate Attorney General
       ABHISHEK KAMBLI
       Deputy Associate Attorney General
       U.S. Department of Justice
       950 Pennsylvania Avenue, NW
       Washington, D.C. 20530
       Stanley.Woodward@usdoj.gov
       Abhishek.Kambli@usdoj.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c), the undersigned counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 3,253 words.

>  */s/ Jeffrey Oestericher*
>  Assistant United States Attorney