UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK,

　　　　　　　　　　　*Plaintiff,*

　　　　　　　v.

UNITED STATES DEPARTMENT OF EDUCATION, LINDA
MCMAHON, in her capacity as Secretary of the United States
Department of Education, KIMBERLY M. RICHEY, in her capacity
as Assistant Secretary for Civil Rights, LINDSEY M. BURKE, in her
capacity as Deputy Chief of Staff for Policy and Programs,

　　　　　　　　　　*Defendants.*

No. 1:25-cv-08547-AS

GRANTED. The attached brief is deemed filed. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 78.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: March 31, 2026

**NOTICE OF UNOPPOSED MOTION OF THE STATES OF NEW YORK, CALIFORNIA, COLORADO, DELAWARE, ILLINOIS, MAINE, MARYLAND, MASSACHUSETTS, MINNESOTA, NEVADA, NEW JERSEY, OREGON, RHODE ISLAND, VERMONT, AND WASHINGTON, AND THE DISTRICT OF COLUMBIA FOR LEAVE TO FILE A BRIEF AS AMICI CURIAE**

The States of New York, California, Colorado, Delaware, Illinois, Maine, Maryland, Massachusetts, Minnesota, Nevada, New Jersey, Oregon, Rhode Island, Vermont, and Washington, and the District of Columbia move this Court for leave to file the attached brief as amici curiae in support of plaintiff's motion for summary judgment (ECF No. 50) and in opposition to defendants' cross-motion to dismiss or in the alternative for summary judgment (ECF No. 56).

While "[t]here is no governing standard, rule, or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court," the district courts have "broad inherent authority to permit or deny an appearance as amicus curiae in a case." *Goldstein v. Hochul*, No. 22-cv-8300, 2022 WL 22915988, at *1 (S.D.N.Y. Oct. 19, 2022). Here, the Court should grant leave to file the attached amicus brief because (i) the brief includes material that is relevant to the disposition of the parties' motions and would be helpful for the Court to consider, (ii) the parties

do not oppose the filing, and (iii) the filing is timely. *See United States v. Maxwell*, No. 20-cr-330, 2022 WL 425046, at *1 (S.D.N.Y. Feb. 11, 2022) (Nathan, J.).

First, the amicus brief is relevant to plaintiff's motion for summary judgment, and defendants' corresponding cross-motion, on Count V of the complaint—namely, that the U.S. Department of Education (ED) acted contrary to law in discontinuing federal grants to plaintiff based on an incorrect interpretation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681. Under ED's novel statutory interpretation, Title IX purportedly prohibits plaintiff's inclusive policies, under which transgender students can use bathroom and locker room facilities, and participate in activities, consistent with their gender identity.

The attached brief explains that the Court should reject ED's novel statutory interpretation of Title IX, if the Court reaches this issue in resolving the parties' motions—which the Court need not do if it grants summary judgment in favor of plaintiff on any of the independent grounds presented in plaintiff's motion. In particular, the attached brief provides amici States' experiences administering inclusive laws and policies, including policies that ensure that transgender students have access to school facilities and activities consistent with their gender identity, and offers helpful insight on these issues not available from the parties. The brief further explains that plaintiff is correct in interpreting Title IX to, at minimum, permit amici States and municipalities like plaintiff to adopt and enforce inclusive laws and policies in their own jurisdictions.

Second, counsel for the parties have been consulted regarding this motion. Counsel for the plaintiff consents to the filing of the amicus brief, and counsel for the defendants takes no position.

Third, the brief is timely and will allow defendants an opportunity to respond in their reply due February 20, 2026. The amicus brief is also timely in responding to the brief of other amici States supporting ED (referred to herein as "Oklahoma amici"), which was filed in late January

2026. The Oklahoma amici argue that Title IX categorically bars inclusive policies (*see* ECF No. 67-1)—an argument that defendants did not make in their cross-motion. In response, the attached brief explains that, if the Court were to consider the proper interpretation of Title IX, the Oklahoma amici are wrong. Instead, plaintiff is correct in contending that Title IX, at minimum, permits inclusive policies.

**CONCLUSION**

The Court should grant amici curiae leave to file the attached brief in support of plaintiff's motion for summary judgment and in opposition to defendants' cross-motion.

Dated:    New York, New York
          February 13, 2026

Respectfully submitted,

LETITIA JAMES
  *Attorney General*
  *State of New York*

 */s/ Blair J. Greenwald*
 BLAIR J. GREENWALD
 Assistant Solicitor General

BARBARA D. UNDERWOOD                28 Liberty Street
  *Solicitor General*              New York, NY 10005
JUDITH N. VALE                      (212) 416-6102
  *Deputy Solicitor General*       (212) 416-8962 (fax)
MARK S. GRUBE                       blair.greenwald@ag.ny.gov
  *Senior Assistant Solicitor General*
BLAIR J. GREENWALD
  *Assistant Solicitor General*
        *of Counsel*

(*Counsel listing continues on subsequent pages.*)

ROB BONTA
  *Attorney General*
  *State of California*
1300 I Street
Sacramento, CA 95814

ANDREA JOY CAMPBELL
  *Attorney General*
  *Commonwealth of Massachusetts*
One Ashburton Place
Boston, MA 02108

PHILIP J. WEISER
  *Attorney General*
  *State of Colorado*
1300 Broadway, 10th Floor
Denver, CO 80203

KEITH ELLISON
  *Attorney General*
  *State of Minnesota*
102 State Capitol
75 Rev. Dr. Martin Luther King Jr. Blvd.
St. Paul, MN 55155

KATHLEEN JENNINGS
  *Attorney General*
  *State of Delaware*
820 N. French Street
Wilmington, DE 19801

AARON D. FORD
  *Attorney General*
  *State of Nevada*
100 North Carson Street
Carson City, NV 89701

KWAME RAOUL
  *Attorney General*
  *State of Illinois*
115 South LaSalle Street
Chicago, IL 60603

JENNIFER DAVENPORT
  *Acting Attorney General*
  *State of New Jersey*
Richard J. Hughes Justice Complex
25 Market Street
Trenton, NJ 08625

AARON M. FREY
  *Attorney General*
  *State of Maine*
6 State House Station
Augusta, ME 04333

DAN RAYFIELD
  *Attorney General*
  *State of Oregon*
1162 Court Street NE
Salem, OR 97301

ANTHONY G. BROWN
  *Attorney General*
  *State of Maryland*
200 Saint Paul Place
Baltimore, MD 21202

PETER F. NERONHA
  *Attorney General*
  *State of Rhode Island*
150 South Main Street
Providence, RI 02903

4

5

CHARITY R. CLARK
  *Attorney General*
  *State of Vermont*
109 State Street
Montpelier, VT 05609


NICHOLAS W. BROWN
  *Attorney General*
  *State of Washington*
P.O. Box 40100
Olympia, WA 98504

BRIAN L. SCHWALB
  *Attorney General*
  *District of Columbia*
400 6th Street NW
Washington, D.C. 20001