UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
THE BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK

                                    Plaintiff,

                  v.

UNITED STATES DEPARTMENT OF EDUCATION, et al.,

                                 Defendants.
-----------------------------------------------------------------------x

No. 25-cv-08547 (AS)

**DECLARATION OF
MELANIE C. T. ASH**

MELANIE C. T. ASH, pursuant to 28 U.S.C. § 1746(2), declares under penalty of perjury that the following is true and correct:

1.     I am a Deputy Chief in the office of the Corporation Counsel of the City of New York, and am the Lead Trial Attorney representing the Board of Education of the City School District of the City of New York ("NYCPS") in the above-entitled action. I am admitted to practice in the courts of the State of New York and in the United States District Court for the Southern District of New York. I make this Declaration based upon my personal knowledge.

2.     On April 8, 2026, this Court granted summary judgment in favor of plaintiff NYCPS. Decision and Order, ECF Doc. 83 ("Order"). The Order, *inter alia,* vacated defendants' non-continuation determination with respect to the five MSAP grants at issue and ordered defendants "to make a continuation determination with respect to each of NYCPS's MSAP grants within 10 days of this Order." *Id.* at 10.

3.     On April 13, 2026, I received a telephone call from Harry Fidler, an Assistant United States Attorney for the Southern District of New York ("AUSA"), and counsel for Defendants ("USDE"), requesting NYCPS' consent to a two-week extension of time for USDE to comply with the Order, from April 17 to May 1, 2026. Counsel explained that USDE would

1

imminently send a letter to NYCPS requesting a "written statement" of how funds made available would be used, for the purpose of making the ordered determinations, citing 34 CFR § 75.253(e)(2)(i). He proposed that NYCPS have one week to submit the written statement, leaving USDE one week to make the determinations.

4.      By email dated April 14, 2026, I advised counsel that NYCPS did not consent to the extension, and explained that continuation determinations are supposed to be made based on the grantee's annual performance reports, that NYCPS had provided written statements in the form of such performance reports in May 2025, and that USDE therefore already had all the information needed to make the continuation determinations in question. A copy of my email to AUSA Fidler is annexed as **Exhibit A.**

5.      On April 17, 2026, NYCPS received from USDE a "Notice of Continuation Determination" as to each MSAP grant, stating that USDE was continuing the 2025-2026 MSAP grants, but seeking further performance and financial information before it would make a grant continuation award. Copies of the five Notices are annexed collectively as Exhibit A to the Declaration of Todd Levitt, submitted herewith**.**

6.      On April 22, 2026, USDE provided "guidance" on its request for additional information in emails to NYCPS, copies of which are annexed collectively as Exhibit C to the Levitt Declaration. As set forth therein, USDE requested the grants' final Annual Performance Reports ("APRs") for the prior year, 2024-2025, and "an update on implementation progress" for the first half of this year, October 1, 2025 through March 31, 2026.

7.      By letter dated May 1, 2026 to AUSA Jeffrey Oestericher, I conveyed NYCPS' position in response to the April 17, 2026 Notices of Continuation Determination and the April 22, 2026 emails. As set forth therein, NYCPS rejected USDE's request for updated information for

the current year, but advised that it had submitted on May 1 the updated APRs for the full prior grant year, under protest and in a good faith attempt to resolve differences. AUSA Oestericher responded to my May 1 letter by email dated May 5, 2026, rejecting NYCPS' position. Copies of this correspondence are attached together hereto as **Exhibit B**.

8.      Further good faith discussions have failed to resolve the issue of USDE's compliance with the April 8 Order. I conferred with several AUSAs on May 5 by phone, but it was apparent that no resolution could be reached. The AUSAs insisted that no continuation awards would be issued until the current year progress updates reflected in mid-year APRs were received. They also proposed that once those reports were received, USDE would provide continuation awards by June 30, 2026, the end of the current school year, and the date until which carryover funds were to be available to the magnet schools pursuant to the November 20, 2025 Consent Order that resolved NYCPS' motion for a preliminary injunction. This proposal is unacceptable to NYCPS; every day of delay continues to cause irreparable harm to the schools.

9.      NYCPS now therefore respectfully moves this Court, pursuant to the accompanying Order to Show Cause, the Declaration of Todd Levitt and exhibits attached thereto, this Declaration and the exhibits attached hereto, and the accompanying Memorandum of Law, to order Defendants to comply with this Court's April 8, 2026 Order and issue the overdue 2025-2026 grant continuation awards forthwith.

10.      By email dated May 14, 2026 I advised AUSA Oestericher that NYCPS would be bringing this motion by Order to Show Cause. I asked for his consent to the following expedited briefing schedule: any opposition to be filed by Defendants on or before May 21, 2026; and Plaintiff's reply to be filed on or before the May 25, 2026.

3

11.     AUSA Fidler responded to my email and provided Defendants' consent to the proposed expedited briefing schedule.

12.     We respectfully submit that this matter is of great urgency justifying an abbreviated briefing schedule. As it currently stands, despite having announced that it will continue the MSAP grants on April 17th, Defendants have deferred indefinitely issuance of the grant continuation awards that are a necessary component of a valid continuation determination. As a result of the uncertainty, NYCPS and the affected magnet schools suffer ongoing irreparable harm each day that Defendants fail to comply with this Court's Order. NYCPS respectfully requests that the Court order an expedited briefing schedule, so that NYCPS can be heard by this Court as soon as possible, and this Court's April 8th Order enforced, to provide the certainty and finality the Court intended.

Dated: New York, New York
        May 14, 2026

_____
MELANIE C. T. ASH