# EXHIBIT B

| | |
|---|---|
| **From:** | Ash, Melanie (Law) |
| **To:** | Jeffrey.Oestericher@usdoj.gov; Harry.Fidler@usdoj.gov |
| **Cc:** | Buch, June (Law); Mackie, Gavin (Law) |
| **Subject:** | Board of Education of the City School District of the City of New York v. United States Department of Education, et al., 25-cv-08547 |
| **Date:** | Friday, May 1, 2026 4:51:00 PM |
| **Attachments:** | 5.1.26 Letter to AUSA Oestericher re NYCPS v USDE - (# Legal 16693755_1)(211469 KB).PDF |

Good afternoon, Jeff and Harry,

Please see the attached letter concerning NYCPS' MSAP grants, and USDE's request for the submission of additional Annual Performance Reports (APRs) for the grants. Please note that while certain of those requested APRs (for the 2024-2025 grant year) were submitted today, using a "work around" that was provided by USDE, there have been some technical glitches that I would like to bring to your and your client's attention. Specifically, the "MAPS" portal into which the reports were uploaded is incorrectly applying the header "Budget Period #4" (i.e., year 4 of the grants) to the three 2022 MSAP Grant APRs, when they should bear the header "Budget Period #3" (i.e., year 3 of the grants). Similarly, the two 2023 MSAP Grant APRs are incorrectly being labeled "Budget Period #3" (i.e., year 3 of the grants), when they should properly be labeled "Budget Period #2" (i.e., year 2 of the grants). To avoid any confusion, I would ask that you please make your client aware of these technical issues.

Please don't hesitate to reach out if you have any questions.

Thank you,

Melanie C.T. Ash
Deputy Chief
Affirmative Litigation Division
New York City Law Department
c: 917.828.3930
o: 212.356.2276



**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**MELANIE ASH**
Deputy Chief, Affirmative Litigation
mash@law.nyc.gov 212-356-2276

May 1, 2026

Jeffrey Oestericher
Assistant United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007

      Re:  *Board of Education of the City School District of the City of New York v.*
          *United States Department of Education, et al.*, No. 25-cv-08547 (S.D.N.Y.)

Dear Jeffrey:

      As you know, on April 8, 2026, Judge Subramanian vacated Defendants' non-continuation determination with respect to the five New York City Public Schools ("NYCPS") Magnet School Assistance Program ("MSAP") grants that are the subject of the above action. The Court then ordered Defendants "to make a continuation determination with respect to each of NYCPS's MSAP grants within 10 days of [the Court's] order." The Court expressly noted that Defendants raised no challenge to the scope of the injunction and deemed any such challenge "forfeited."

      On April 17, 2026, the United States Department of Education ("USDE") issued letters purporting to make a new "continuation determination… in protest and solely to comply with" the April 8 Order. This action did not, however, comply with the April 8 Order. Indeed, USDE has indefinitely deferred any decision on making the FY2026 MSAP grant awards available, rendering the Court's 10-day deadline a nullity.

      Underscoring Defendants' non-compliance, five days after its April 17 action, USDE purported to impose new reporting obligations on NYCPS concerning the FY2026 MSAP grant awards (and delayed any continuation awards until such time as those reports have been submitted and reviewed), thereby magnifying the harmful impact of USDE's now-vacated unlawful determinations on the nineteen affected magnet schools. NYCPS continues to dispute that any information about the grants' current year performance or financial status is relevant—or could even be considered—when making continuation determinations concerning the FY2026 budget period. To the contrary, continuation determinations for FY2026 can and must *only* be based on a review of the schools' performance during the 2024-2025 grant year, as reflected in the

Annual Performance Reports ("APRs") for that year submitted by NYCPS. [1] APRs were submitted by NYCPS in the ordinary course in May 2025 based on a partial year's performance, from October 1, 2024 through March 31, 2025. But for USDE's unlawful conduct in non-continuing the grants, those APRs would have served as the basis for continuation determinations made in advance of the budget period beginning October 1, 2025.

That said, the full-year APRs for October 1, 2024 through September 30, 2025 at least relate to NYCPS' performance under the grants during the relevant time period for continuation determinations. Therefore, under protest and in a good faith attempt to resolve differences, NYCPS has compiled and submitted those APRs through the usual portal. USDE now has in hand all of the information it could appropriately consider in making continuation awards for the 2025-2026 budget year.

**Accordingly, we expect that your clients will forthwith issue the overdue Grant Award Notifications ("GANs") for 2025-2026, with new funding awarded, effectuating the promised grant continuation awards based on NYCPS' performance under the grants as reflected in the 2024-2025 APRs. If we do not receive such GANs by 5pm on Wednesday, May 6, 2026, we intend to seek emergency relief from the Court to enforce its April 8, 2026 Order.**

To the extent the USDE letters also directed NYCPS to submit APRs for each MSAP grant reflecting the *current* performance of the grants, for the period October 1, 2025 through April 30, 2026, those APRs have no relevance to, and cannot be used in connection with, the issuance of the long overdue continuation awards *for the current year*. Having forced NYCPS' magnet schools to operate on an austerity budget this year as a consequence of the unlawful non-continuation of the grants, USDE cannot use the schools' performance under those challenging circumstances to "determine [the] appropriate continuation award amount" for this year.

Please note, however, that NYCPS is working diligently to finalize those APRs and will upload them into USDE's portal by the deadline of May 15, 2026, for use in connection with the continuation determinations *for the next budget period*, October 1, 2026 through September 30, 2027.

In sum, we expect USDE to comply with the Court's April 8 Order, in substance as well as in form, so that we need not seek emergency relief.

Sincerely yours,

Melanie Ash

---

[1] *See, e.g.*, U.S. Department of Education, Discretionary Grantmaking at ED (Oct. 2024), publicly available at https://www.ed.gov.media.document/grantmaking-ed-108713.pdf ("Discretionary Grantmaking") at 32 ("The program staff uses the information in the performance report in combination with the project's fiscal and management performance data to determine subsequent funding decisions.").

2

| | |
|---|---|
| **From:** | Oestericher, Jeffrey (USANYS) |
| **To:** | Ash, Melanie (Law) |
| **Cc:** | Buch, June (Law); Mackie, Gavin (Law); Fidler, Harry (USANYS) |
| **Subject:** | [EXTERNAL] RE: Board of Education of the City School District of the City of New York v. United States Department of Education, et al., 25-cv-08547 |
| **Date:** | Tuesday, May 5, 2026 11:13:13 AM |
| **Attachments:** | GAN Budget period S165A220032.pdf |
| | GAN Budget period S165A220034.pdf |
| | GAN Budget period S165A220037.pdf |
| | GAN Budget period S165A230011.pdf |
| | GAN Budget period S165A230012.pdf |

**CAUTION! EXTERNAL SENDER.** Never click on links or open attachments if sender is unknown, and never provide user ID or password. If **suspicious**, report this email by hitting the **Phish Alert Button**. If the button is unavailable or you are on a mobile device, forward as an attachment to phish@oti.nyc.gov.

Melanie,

Thanks for your email and correspondence.  I hope all is well.

This is our understanding.  The Department of Education is in compliance with the Court's April 8, 2026 order.  That order vacated the prior non-continuation determination and required only that the Department of Education "make a continuation determination with respect to each of NYCPS's MSAP grants within 10 days" of the Court's order.  Dkt. No. 85 ("Op.") at 10.  The Department of Education did just that—on April 17, 2026, the NYCPS grants were continued from October 1, 2025 to September 30, 2026.  Indeed, the relevant GANs documenting this continuation determination were issued on April 22, 2026.  *See* attached.

We understand that, in your view, the Department of Education is not permitted to request additional financial or performance information from NYCPS.  We disagree with that position.  The Secretary of the Department of Education is permitted to direct "[a] recipient that wants to receive a continuation award" to "submit a performance report that provides the *most current* performance and financial expenditure information."  34 C.F.R. § 75.118(a) (emphasis added).  The information that NYCPS submitted is now a year old, and as the Department of Education explained in its April 17, 2026 letter, additional financial and performance information "is needed to fulfill the Department's responsibility to understand the grant's current operations and determine an appropriate continuation award amount."  Notably, the Department of Education did not condition its continuation decision on the receipt of these updated materials, and the grantees continue to have access to MSAP funds.  Further, the Court did not prohibit the Department of Education from requesting updated financial or performance information, which, again, is requested only to assist in informing appropriate funding.

To the extent that NYCPS's view is that the Department of Education is out of compliance with the Court's order because funding has not yet been awarded, that does not comport with the Court's order.  *See* May 1, 2025 Letter from Melanie Ash to Jeffrey Oestericher at 2 ("[W]e expect that your clients will issue the overdue Grant Award Notifications ("GANs") for 2025-2026, with new funding awarded.").  Instead, the Court in determining that it has subject-matter jurisdiction over this action expressly found that "NYCPS is only seeking that the non-continuation decision be vacated . . . with no guarantee that any money will ultimately flow."  Op. at 4-5; *see also id.* at 8 ("[NYCPS's] challenge is not focused on the term of any grant, nor does it seek the payment of funds . . . . The Court agrees that *NIH* (among other cases) has made clear that district courts cannot issue such relief, only the Court of Federal Claims can." ).

Are you available for a call to discuss?  We would like to understand better the basis for NYCPS's view that the Department of Education is out of compliance with the court's order to see if we can reach a resolution.  Thanks.

Jeff

Jeffrey Oestericher
Chief, Civil Division
U.S. Attorney's Office SDNY
(212) 637-2695

---

**From:** Ash, Melanie (Law) <mash@law.nyc.gov>
**Sent:** Friday, May 1, 2026 4:52 PM
**To:** Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>
**Cc:** Buch, June (Law) <jbuch@law.nyc.gov>; Mackie, Gavin (Law) <gmackie@law.nyc.gov>
**Subject:** [EXTERNAL] Board of Education of the City School District of the City of New York v. United States Department of Education, et al., 25-cv-08547

Good afternoon, Jeff and Harry,

Please see the attached letter concerning NYCPS' MSAP grants, and USDE's request for the submission of additional Annual Performance Reports (APRs) for the grants.  Please note that while certain of those requested APRs (for the 2024-2025 grant year) were submitted today, using a "work around" that was provided by USDE, there have been some technical glitches that I would like to bring to your and your client's attention. Specifically, the "MAPS" portal into which the reports were uploaded is incorrectly applying the header "Budget Period #4" (i.e., year 4 of the grants) to the three 2022 MSAP Grant APRs, when they should bear the header "Budget Period #3" (i.e., year 3 of the grants). Similarly, the two 2023 MSAP Grant APRs are

incorrectly being labeled "Budget Period #3" (i.e., year 3 of the grants), when they should properly be labeled "Budget Period #2" (i.e., year 2 of the grants). To avoid any confusion, I would ask that you please make your client aware of these technical issues.

Please don't hesitate to reach out if you have any questions.

Thank you,

Melanie C.T. Ash
Deputy Chief
Affirmative Litigation Division
New York City Law Department
c: 917.828.3930
o: 212.356.2276