UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x

THE BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK,

        Plaintiff,

         v.

UNITED STATES DEPARTMENT OF EDUCATION, et
al.,

        Defendants.

--------------------------------------------------------------------------x

          No. 25-cv-08547 (AS)


**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS
MOTION TO ENFORCE THE COURT'S SUMMARY JUDGMENT ORDER**


Dated: New York, New York
   May 27, 2026

STEVEN BANKS
Corporation Counsel of
  the City of New York
100 Church Street
New York, New York 10007
(212) 356-2276

*Attorney for Plaintiff*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .......................................................................................................................... 1

    A.    DEFENDANTS HAVE NO ANSWER TO NYCPS' COMPELLING EVIDENCE THAT USDE WAS REQUIRED TO MAKE GRANT CONTINUATION *AND* FUNDING DETERMINATIONS BY THE COURT'S DEADLINE, WHICH IT FAILED TO DO........................................................... 1

    B.    USDE'S FAILURE TO COMPLY WITH THE COURT'S ORDER CONTINUES TO DO IRREPARABLE HARM TO THE MAGNET SCHOOLS, JUSTIFYING AN ORDER TO ENFORCE .......................................................... 4

    C.    DEFENDANTS' CHALLENGE TO THIS COURT'S JURISDICTION AND THE APPROPRIATENESS OF NYCPS' MOTION TO ENFORCE SHOULD BE REJECTED OUT OF HAND .......................................................... 6

        1.    The Tucker Act Is Inapplicable ........................................................... 6

        2.    NYCPS' Motion to Enforce Properly Relies on Facts and Conduct Demonstrating a Failure to Comply with the Court's Order ................................................... 9

        3.    NYCPS' Motion to Enforce Does Not Entitle Defendants to Collaterally Attack this Court's Order ............................... 9

CONCLUSION ...................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Berger v. Heckler*,
  771 F.2d 1556 (2d Cir. 1985)...................................................................................................9

*NIH v. American Public Health Association*,
  145 S. Ct. 2658 (2025) (per curiam), 1 ...................................................................................7

*State of Washington v. United States Department of Education*,
  813 F. Supp. 3d 1222 (W.D. Wash. 2025)..............................................................................8

*State of Washington v. United States Department of Education*,
  No. 2:25-CV-01228. Dkt. 356 (W.D. Wash. Jan. 22, 2026).................................................3, 8

*State of Washington v. United States Department of Education*,
  No. 2:25-CV-01228. Dkt. 363 (W.D. Wash. Feb. 24, 2026)...................................................8

*United States v Crawford* (*In re Crim. Contempt Proc. Against Crawford,
  Warren*),
  329 F.3d 131 (2d Cir. 2003)...................................................................................................10

*United States v. United Mine Workers*,
  330 U.S. 258, 91 L. Ed. 884, 67 S. Ct. 677 (1947)...............................................................10

**PRELIMINARY STATEMENT**

On April 8, 2026, this Court granted summary judgment to Plaintiff, New York City Public Schools ("NYCPS"), ordering Defendants, including the United States Department of Education ("USDE") to make new continuation determinations *within 10 days* for each of the five NYCPS Magnet School Assistance Program ("MSAP") grants that support the operation of nineteen magnet school across New York City, and believing the case fully resolved, closed the matter. Forty-nine days later, NYCPS is back before this Court seeking relief, because despite USDE purporting to make a decision on April 17 to continue the grants, the affected schools remain mired in uncertainty and unable to operate into the summer due to USDE's continued refusal to comply with this Court's Order. NYCPS respectfully asks this Court, pursuant to its inherent authority to enforce its orders, to require USDE to do so forthwith.

**ARGUMENT**

**A. Defendants Have No Answer to NYCPS' Compelling Evidence that USDE Was Required to Make Grant Continuation *And* Funding Determinations by the Court's Deadline, Which it Failed to Do.**

Defendants acknowledge, as they must, that on April 8, 2026, this Court vacated their unlawful non-continuation determinations and ordered them "to make a continuation determination with respect to each of NYCPS's MSAP grants within 10 days of this order." April 8 Op. and Ord. ("Order"), Dkt 83 at 10. In their May 22, 2026 Memorandum filed in Opposition to NYCPS' Motion ("Opp."), Dkt 93, Defendants argued that USDE's April 17, 2026 letters to each of the MSAP grantees notifying them that the budget and performance periods of their grants were being continued was all that was required to comply with the Court's Order, Opp. at 3, 5-6, because the Order "did not require [USDE] to … make any funding amount determination in connection with its determination." Opp. at 2-3.

However, Defendants are wrong. The Court made clear that although it could not, and did

1

not, order the expenditure of funds, it could, and did, order that a *funding determination* be made by Defendants. Order at 8-9. In fact, Defendants themselves have conceded that the injunctive relief sought by NYCPS, and later granted by the Court, necessarily "compel[s]" USDE "to make discretionary funding decisions." Mem. in Supp. of Def.'s Cross-Mot. to Dismiss or for Summ. J., Dkt 57, filed Jan. 14, 2026, at 30. Defendant's assertion is also contradicted by USDE's own admission that, each year, USDE "must determine whether to continue the grant by issuing a new award of grant funding." *Id.* at 3. USDE answers none of these points.

In the face of this Court's Order that Defendants make continuation determinations for NYCPS' five MSAP grants within ten days, Order at 10, by failing to make continuation award determinations, Defendants have very clearly failed to comply. Instead, USDE provided notification that the grants were being continued, but then deferred indefinitely determination of the continuation funding being awarded under each grant. As a result, what this Court intended to be a 10-day deadline before the NYCPS magnet schools were given some certainty about their grants now stretches without end, undermining the letter and spirit of this Court's order. Defendants' Opposition brief, by its statement that it only intends to make funding decisions for NYCPS' MSAP grants by June 30, 2026, Opp. at 2, 4, 6, 12-13, continues to openly violate this Court's explicit ten-day deadline.

Defendants' only real response is to mischaracterize NYCPS' position as *requiring* that budget-period and funding determinations be made simultaneously, Opp. at 6-7, and to point to a scant two occasions, both in 2021, where, USDE made determinations on funding awards at some time after continuing the budget periods for two Texas school districts' MSAP grants. Opp. at 7; Decl. of Jennifer Todd ("Todd Decl."), Dkt 95, ¶ 15. But Defendants attack a straw man. It was of no mind to NYCPS whether budget-period and continuation award determinations were

made simultaneously, or in two steps, so long as both were completed by the deadline—10 days.

In any event, far from establishing that as a rule budget-period continuation determinations need not be accompanied by grant funding awards, the fact that USDE could point to only two occasions in which MSAP grants' budget periods were continued, but the determination of continuation award funding was bifurcated, out of what are likely many hundreds, or even thousands, of continuations made over decades does more to prove the opposite.[1]

In contrast, NYCPS' argument that continuation determinations necessarily include an award of continued funding is reinforced by the Supplementary Levitt Declaration, which confirms that in nearly two decades of supervising NYCPS' MSAP programs, Todd Levitt has never before seen a bifurcated process where one of NYCPS' MSAP grants separately received a grant continuation determination and grant continuation award. Rather, without exception, the formal notification (and simultaneous effectuation) of grant continuations that he has received for NYCPS—the Grant Award Notifications ("GANs")—have *always* included notification of the amount of grant continuation funding being awarded. Supp. Levitt. Decl. at ¶¶ 9-10.

Beyond pointing to a bifurcated continuation process for two Texas school districts in 2021, Defendants' Opposition offers no other evidence to demonstrate that the purported "continuation determinations" announced to NYCPS and followed several days later by the issuance of zero-dollar GANs to each NYCPS MSAP grantee, were complete on April 17th.

---

[1] For example, USDE's position in the Opposition is contradicted by its representations to the Court in *Washington v. USDE* that once USDE decided to continue a grant, it would need only two or three days to complete the internal processing to issue GANs effectuating the awards. *State of Washington v. United States Department of Education,* No. 25-cv-01228 (W.D. Wash.), Tr. of Oral Arg., Jan. 22, 2026 (annexed to NYCPS Mem. of L., as Exhibit B, Dkt. 88-2), at 4 ("… once the continuation decision is made, … that is the switch, right. That allows the funding to flow. So in every case that there is a continuation decision, the expectation is that the funding would be there within two to three business days").

Instead, the Opposition merely asserts that Defendants' obligation to make continuation determinations, as ordered by the Court, was satisfied by the bare statements made in its April 17 letters, with funding determination to follow at some uncertain date.

At root, Defendants' gambit seems to be an effort to circumvent the Court's pointed observation that while "there might be reasons to challenge the scope of NYCPS's proposed injunction," requiring continuation determinations *within 10 days*, failure to do so means any such challenges have been forfeited. Order at 9. Certainly, there is no basis to suggest that *NYCPS'* proposed injunctive relief would permit USDE to delay indefinitely—or even until June 30, 2026—the determination of grant continuation awards for grants being continued. And yet, Defendants continue to insist, without providing any justification, that with an "accelerated" review process, they need until June 30, 2026 to make continuation funding determinations for the five grants. Opp. at 4, 12 n5.

### B. USDE's Failure to Comply with the Court's Order Continues to do Irreparable Harm to the Magnet Schools, Justifying an Order to Enforce

As set out in NYCPS' Memorandum of Law, as a result of USDE's failure to comply with this Court's Order by making proper and complete continuation determinations regarding the MSAP grants, the nineteen affected magnet schools have available at best, only rapidly dwindling carryover funding, and at worst, are overdrawn, all of which continues to wreak havoc on their ability to operate during the remainder of the school year or during the summer, or to plan and prepare for the upcoming school year. Pl.'s Mem. in Supp. of Mot. to Enforce Summ. J. Ord., ("Pl. Mem."), Dkt 88, at 7-10.

Defendants deny that grant award determinations are a necessary component of continuation determinations. However, they also argue at length that the "decision to continue the grants and request additional information in order to render a decision regarding the amount

of funding" has not harmed NYCPS' magnet schools because each NYCPS grant continues to have access to a significant percentage (between 44.5 and 56.6% ) of its carryover funding from last year. Opp. at 4, 6, 11-12; Todd Decl. at ¶¶ 9-12.

As explained in the May 27, 2026 Supplemental Levitt Declaration, Defendants' attempt to minimize the harm suffered by NYCPS' magnet schools as a result of USDE's noncompliance with the injunction is inaccurate and misleading—it is based on outdated and incomplete information, and betrays a seeming lack of awareness of the consistent lag in drawdowns created by financial processes governing USDE's own MSAP expense reimbursement system. Supp. Levitt Decl. at ¶¶ 5-8.

In fact, when the grants' May 21, 2026 drawdowns, fixed personnel costs, and pending but committed expenses are all accounted for, two of NYCPS' grants are currently *overdrawn*, and the others have minimal funds remaining. As of today, the most any grant currently has available to cover new expenses is $252,131. *Id.,* ¶¶ 6, 8.

What's more, as a direct result of Defendant's violation of this Court's Order, NYCPS has been forced to cancel  summer student enrichment programming that would typically be offered by the affected schools, cancellations that would not have been necessary had NYCPS received notification of grant continuation awards by this Court's April 18th deadline. Pl.'s Mem. at 7-8; Levitt Decl., ¶ 20; Supp. Levitt Decl., ¶ 12.

In addition, while the schools have been awaiting the long overdue funding notifications, staff members who would otherwise have been employed at the magnet schools have been forced by the uncertainty of the grants' available funding to make the difficult decision to seek other employment for the next school year. Levitt Decl., ¶ 21; Supp. Levitt Decl., ¶ 12. The ripple effect of losing staff members who have been specifically trained to deliver on the magnet schools'

specialized themes is immense.

Thus, USDE's failure to complete proper continuation determinations, in violation of the April 8 Order, *continues* to cause irreparable harm that warrants expeditious action by this Court to enforce its Order.

### C. Defendants' Challenge to this Court's Jurisdiction and the Appropriateness of NYCPS' Motion to Enforce Should be Rejected Out of Hand

Having failed to answer NYCPS' substantive arguments, Defendants instead seek to make jurisdictional and technical attacks in an attempt to defeat NYCPS' motion to enforce. First, Defendants attempt to recycle the familiar Tucker Act arguments that they advanced—and the Court rejected—in their motion to dismiss, Opp. at 8-10. Second, Defendants assert two unconvincing legal theories that attack the appropriateness of NYCPS' motion to enforce and the relief sought. *Id.* at 10-13. All three arguments are without merit and should be rejected by this Court.

#### 1. The Tucker Act Is Inapplicable

In granting summary judgment to NYCPS, this Court rejected USDE's jurisdictional arguments and determined that the Tucker Act did not apply because the Court was not ordering specific performance of the grants, nor the expenditure of funds. Order at 8. Instead, it was merely ordering Defendants to make *funding determinations*—that is, determinations whether or not to continue the grants. That funds may flow because of the continuation of the grants would not follow from the Court's decision, but rather from Defendants' decision whether to continue the grants:

> In this case, NYCPS's summary-judgment motion does not seek to have this Court order that any money be paid out. … Instead, NYCPS seeks only to have defendants' decision to non-continue the funding vacated so that defendants can make a new determination. Defendants would have to make a continuation decision after

6

> vacatur for any funds to flow–none would flow as an immediate result.

*Id*. at 5.

The same can be said for NYCPS' current motion to enforce, and on the same reasoning, the Tucker Act continues to have no bearing on this case. First, NYCPS does not seek an order based on a violation of the grants' terms, nor does it ask for specific performance. Instead, it merely asks that Defendants be ordered to finally complete what remain, to this day, *incomplete* continuation determinations. Second, *Defendants* having made the decision on April 17th to continue the grants, it necessarily followed that Defendants were required *by their own decision*, rather than the Court's Order, to also make the requisite grant continuation awards which are an essential element of their continuation decision—and to do so within ten days of the Court's Order. Today, over 30 days after the court-imposed deadline, there is no question that they failed to do so, in violation of this Court's Order.

Defendants nevertheless argue that the Tucker Act bars this Court from enforcing its Order where USDE makes determinations to continue the grants but fails to make grant awards. They cite no supporting authority for such a jurisdictionally anomalous result; the cases they rely on are inapposite. Opp. at 9. For example, Defendants once again purport to rely on the Supreme Court's emergency docket decision in *National Institutes of Health* ("NIH") v. *American Public Health Association*, 145 S. Ct. 2658 (2025) (per curiam), in which the Court found that there was no jurisdiction in district courts to "order relief designed to enforce any 'obligation to pay money' pursuant to [ ] grants." *NIH v. American Public Health Association*, 145 S. Ct. 2658 (2025) (per curiam), 1. It is quite clear, however, that NYCPS' motion to enforce does not seek to enforce an obligation to pay money. Rather, it seeks to enforce this Court's Order that a continuation determination—a complete one—be made within 10 days.

Defendants' reliance on a recent enforcement decision in *State of Washington, et al. v. United States Dept. of Education*, Opp. at 10, is similarly misplaced. In the decision cited, issued on the record at the close of oral argument on January 22, 2026, while the Court noted that it "lacks authority to order the specific payments amounts the Plaintiff States request," it *did* order that *continuation awards* be made in cases where USDE decided that grants would be continued. Tr. of Arg., annexed to Pl.'s Mem. as Exhibit B, Dkt 88-2 at 47, ¶¶ 20-22. Notably, NYCPS does not here seek the *payment of specific amounts*, but rather an order that USDE, having decided in their discretion to continue the grants, make and issue continuation awards for those grants. . In fact, the very *Washington* Court to which Defendants point expressly ordered exactly what this Court is being asked to compel: the issuance of new continuation awards to effectuate the Defendants' continuation decisions by a date certain. *Id.* at 47-48 (concluding its decision by granting the government "a brief extension of its deadline to comply" and to make new continuation decisions and issue new awards.")[2] Thus, contrary to Defendants' suggestion, just as there was no Tucker Act bar on the *Washington* Court's ability to order USDE to "issue new awards" for any grants USDE determined should be continued, there is similarly no Tucker Act bar that would preclude the essentially identical relief NYCPS seeks.[3]

---

[2] The *Washington* Court actually made three such orders: (1) on December 23, 2025, requiring new continuation decisions by December 30, and new continuation awards by December 31 *State of Washington v. United States Department of Education,* 813 F. Supp. 3d 1222, 1249 (W.D. Wash. 2025); (2) on January 22, 2026, requiring new continuation decisions by February 6, and new continuation awards by February 11, backdated to avoid any gap to grantees' funding, *see Washington v. USDE*, No. 2:25-CV-01228. Dkt. 356 (W.D. Wash. Jan. 22, 2026) (annexed to NYCPS' Memo of Law, ECF Doc. 88, Ex. A) *and* Transcript of Oral Argument at 48, Dkt. 360 (annexed to NYCPS' Memo of Law, ECF Doc. 88 Ex. B); and (3) on February 24, 2026 , requiring new continuation decisions by March 2, 2026, and new continuation awards by March 5, 2026, backdated to February 6, 2026. *Washington v. USDE*, No. 2:25-CV-01228. Dkt. 363 (W.D. Wash. Feb. 24, 2026) (annexed hereto as Exhibit A).

[3] In an October, 21, 2025, decision in *Washington*, the Court denied USDE's motion to dismiss based on the Tucker Act ("… even if some or all of the Grantees' funding would be continued via new decisions, that would not transform Plaintiff States' claims into claims for 'money damages' under discontinued Grant contracts"). *Washington v. USDE*, No. 2:25-CV-01228, No. 25-cv-01228 (KKE), Dkt. No. 190 (W.D. Wash.) at 17. As in this case, plaintiffs sought an injunction setting aside USDE's illegal discontinuation decisions and requiring it to make new lawful decisions.

## 2. NYCPS' Motion to Enforce Properly Relies on Facts and Conduct Demonstrating a Failure to Comply with the Court's Order

In their Opposition, Defendants ask this Court to reject NYCPS' motion to enforce on the ground that USDE's April 17 "continuation determinations," which are "a predicate to the relief sought by NYCPS" in the motion to enforce, were not challenged in the Complaint. Opp. at 10. This argument ignores that the Complaint was entirely premised on challenging Defendants' unlawful non-continuation determinations issued in September, and asking this Court to vacate those determinations and order that new, lawful determinations be made. Compl., Dkt. 1 at 47-48. And now, while Defendants claim to have properly made the determinations ordered by the Court, they argue, nonsensically, that this Court should be precluded from acting in response to NYCPS' motion to enforce to ensure that Defendants' actions actually comply with its Order. However, "[a]s a general matter, a '"federal court's interest in orderly, expeditious proceedings,'" justifies any reasonable action taken by the court to secure compliance with its orders.""" *Berger v. Heckler*, 771 F.2d 1556, 1568 (2d Cir. 1985) (quoting *Gates v. Collier*, 616 F.2d 1268, 1271 (5th Cir. 1980)).

Quite simply, having found Defendants to have acted unlawfully in non-continuing NYCPS' MSAP grants, it was within this Court's authority to craft relief that would remedy the unlawful conduct—in this case, by the requirement to make new continuation determinations within ten days—and it is equally within the Court's authority now to assess whether or not USDE's purported "continuation determinations" complied.

## 3. NYCPS' Motion to Enforce Does Not Entitle Defendants to Collaterally Attack this Court's Order

Although they failed to challenge the scope of the Court's injunctive relief, and

9

accordingly—as the Court noted—having forfeited any such arguments, Defendants inexplicably purport to contest Plaintiff's entitlement to a permanent injunction. Opp. at 11. But having taken no steps to seek reconsideration or to appeal the Order, let alone to seek a stay, Defendants' attempt to now reopen the issues that were before the Court on the parties' respective motions for summary judgment must be summarily rejected as too little, too late.

Under the collateral bar doctrine, "it is well settled that 'persons subject to an injunctive order . . . are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order.'" *United States v Crawford* (*In re Crim. Contempt Proc. Against Crawford, Warren*), 329 F.3d 131, 138 (2d Cir. 2003) (quoting *GTE Sylvania, Inc. v. Consumers Union of the United States, Inc.*, 445 U.S. 375, 386, 63 L. Ed. 2d 467, 100 S. Ct. 1194 (1980)); *see also United States v. United Mine Workers*, 330 U.S. 258, 293, 91 L. Ed. 884, 67 S. Ct. 677 (1947) (holding that "an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings.")

In any event, the permanent injunction issued is irrelevant to the question currently before this Court—whether Defendants have complied with that part of the Court's Order mandating that a continuation determination be made with respect to each of the MSAP grants within 10 days.[4]

## CONCLUSION

For all the reasons set forth above and in NYCPS' opening Memorandum of Law in Support of Motion to Enforce and Declarations, this Court should find that USDE has failed to comply with the April 8 Order and should exercise its inherent power to enforce its orders, grant

---

[4] In contrast, the permanent injunction issued by this Court applied to any further attempt by Defendants to "non-continu[e] MSAP grants to NYCPS based on Title IX findings or 'civil rights violations' related to Title IX without following the required Title IX procedures." Order at 10.

this motion to enforce and order USDE to forthwith, *within 5 days*, complete and effectuate continuation determinations by issuing GANs including continuation awards for the 2025-2026 year for each of the five NYCPS MSAP grants.

Dated: May 27, 2026                                     Respectfully submitted,

**STEVEN BANKS**
Corporation Counsel of the City of
 New York
100 Church Street
New York, NY 10007
(212) 356-2276
mash@law.nyc.gov

By: Melanie C.T. Ash
June Buch
Gavin Mackie
Emeline Kong

11

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE</u>

As required by Local Civil Rule 7.1(c), I certify that the document contains 3,417 words, excluding the parts of the document that are exempted by Local Civil Rule 7.1(c) ("These limits do not include the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but do include material contained in footnotes or endnotes.").

Melanie C.T. Ash