UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x

THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK

Plaintiff,

v.

UNITED STATES DEPARTMENT OF EDUCATION, et al.,

Defendants.

-----------------------------------------------------x

No. 25-cv-08547 (AS)

**DECLARATION OF TODD LEVITT IN SUPPORT OF PLAINTIFF'S SECOND MOTION TO ENFORCE THIS COURT'S ORDERS**

**TODD LEVITT**, pursuant to 28 U.S.C. § 1746(2), declares under penalty of perjury that the following is true and correct:

1. I have been employed by the New York City Public Schools ("NYCPS") for more than thirty years and now serve as the Magnet School Assistance Program ("MSAP") Team Lead for NYCPS. My relevant biographical information is set forth in my prior Declaration, submitted in support of the Motion to Enforce this Court's April 8, 2026 Order (the "April 8 Order"), dated May 14, 2026 (the "May 14 Declaration"), and is incorporated here.

2. I submit this Declaration in my capacity as NYCPS MSAP Team Lead based on my personal knowledge and observations, conversations with my staff and other officials of NYCPS, and my review of NYCPS' documents and records, and I am familiar with all matters set forth herein.

3. I respectfully submit this Declaration in support of Plaintiff's Second Motion to Enforce the Court's April 8 Order and the Court's Order issued on June 4, 2026 (the "June 4 Order").

**Events Since the April 8 Order and the June 4 Order**

4. I am aware that in the April 8 Order, the Court ordered defendants "to make a continuation determination with respect to each of NYCPS's MSAP grants within 10 days of this Order." Order, at p. 10. In my May 14 Declaration, I described defendants' actions with respect to the April 8 Order up to that date, and I respectfully incorporate the contents of that declaration and the attached exhibits herein.

5. I am also aware that on June 4, 2026, the Court issued a second Order, the June 4 Order, directing defendants "to determine the appropriate continued award amount for the grants at issue" by June 9, 2026.

6. **The June 5 Requests for Information.** In the late afternoon of June 5, 2026, each of the MSAP Program Directors received an email from Joseph Wheeler, an attorney with USDE's Office for Civil Rights, requesting that the Program Directors respond to additional requests for information about the MSAP Projects' Performance, and imposing a deadline for these responses of noon, Monday, June 8, 2026, just one day before the Court-ordered deadline for USDE to make a continuation award. The requested information concerned a performance metric in the Annual Performance Reports for the 2025-2026 year that each MSAP Program had recently submitted: Minority Group Isolation ("MGI").

7. I am aware that counsel for NYCPS advised Mr. Wheeler that these requests were improper in light of the June 4 Order, and requested that they be retracted.

8. For a period of time, no further communication followed regarding these requests for information. They were not retracted by USDE and NYCPS did not submit any information in response to them. However, USDE again requested this information on June 23, 2026, and requested responses by July 8, 2026. NYCPS timely provided the information on July 8, 2026.

9. **The June 9 GANs**. On June 9, 2026, NYCPS received GANs for each of the MSAP grants. The contents of these GANs differ significantly from any GANs I have seen in my career with the MSAP program. Copies of the GANs, without attachments, are attached as **Exhibit A**.

10. First, the GAN for each MSAP Project dramatically reduced the grant award for the 2025-2026 year. It considered the period of October 1, 2025 through June 30, 2026 to have been covered by the budgets previously submitted and funded by the carryover that had been used during that nine-month period, stating, "The grantee submitted and received approval of its budget through June 30, 2026." (Block 10, Section 6.) That same section of the GAN explains the method USDE used to determine the continuation award for the last three months (July, August and September) of federal fiscal year 2026: "[T]he award amount was determined by dividing the annual requested and recommended average award amount for this grant ($3,000,000) by the 12-month fiscal year period, resulting in an average monthly amount of $250,000, or $750,000 for the three-month continuation period." In addition, for those grants that had remaining carryover funding that was not yet encumbered or committed, that remaining carryover amount was then subtracted from the $750,000, yielding a sharply reduced amount of funding to each project for this federal fiscal year. This final step – the subtraction of any remaining carryover funding – was a further nail in the coffin, since carryover remaining from prior years could have been used to support activities to further implement the programs and promote sustainability following the grant period.

11. Second, in these GANs, USDE stated that FY2026 is now the final year of these grants. The GANs expressly state in the Terms and Conditions section (Block 10) that:

> This award supports the final budget period for this project. The recipient is required to submit all necessary reports to the

> Department of Education within 120 days after the end of federal support in accordance with 2 CFR 200.328 and 200.329 (Block 6)

Exhibit A, Block 10, Item 1. This makes clear that these GANs are the final awards for these grants, cutting the grant period by one year for the FY2023 grants and two years for the FY2024 grants, and putting all five grants into a wind-down period after September 30, 2026. Pursuant to 2 CFR 200.328(d), "The final financial report submitted by the recipient must be due no later than 120 calendar days after the conclusion of the period of performance."

12. The intent to terminate the grant on September 30, 2026, is further demonstrated by the dates of the "Award Periods" in Block 6 of the GANs, which state that the Performance Period ends on September 30, 2026. The Performance Period of these five-year grants began in either FY2023 (beginning October 1, 2022) or FY2024 (beginning October 1, 2023). Prior to this year, the Performance Period set out in Block 6 extended for five consecutive budget periods after its inception, ending on either September 30, 2027 (for grants that began in FY2023), or September 30, 2028 (for grants that begin in FY2024). However, in the June 9 GANs, the Performance Period for all five grants ends at the conclusion of this federal fiscal year – on September 30, 2026.

13. Adding further injury, in addition to truncating the term of these grants, the GANs also imposed an onerous pre-reimbursement approval process for the three-month continuation period, requiring that the grantees pay for all expenditures using their own funds, and submit documentation that substantiates that their expenditures are allowable under the grant **before** being allowed to draw down for reimbursement. The GANs state, "This grant will operate under a reimbursement pay status, as permitted by the Department's discretionary authority under 20, U.S.C. 1226a-1. Grantees will still have access to their grant funds; however, such funds may only be drawn down after submitting documentation that substantiates allowable expenditures under the grant." (Block 10, par. 6.) This is a rarely imposed requirement in MSAP Grants, so rare and

unusual that it required further special instructions from USDE to explain how this process would work.

14. Those instructions were sent by USDE to the MSAP Directors on June 15, 2026, establishing procedures for the MSAP Projects to justify expenditures and request release of federal funds for reimbursement before making a drawdown for expenditures in the G-5 system. Copies of the transmittal email and attachment are attached as **Exhibit B**. In all my years as a MSAP Program Lead, I have never seen this type of reimbursement request process applied to these grants. Applied here, this process makes it impossible for three of the grants to pay for expenditures, since two of them have no carryover remaining when personnel costs and open encumbrances are factored in, and one has only $40,362 remaining, as described in my Declaration dated May 27, 2026, submitted in support of NYCPS' prior motion to enforce, ¶ 8.

15. The harm to the MSAP Projects as a result of USDE's failure to issue grant awards for the 2026 federal fiscal year has been described in my prior Declarations dated May 14, 2026 and May 27, 2026. These harms have been exacerbated by USDE's continued failure to make timely and appropriate grant awards. Not only were the schools forced to forego summer programming this year, they are also unable to plan for the upcoming school year – for programming, recruitment, or hiring staff – given the continued uncertainty of funding. USDE's truncation of the grant performance period to end on September 30, 2026 in the June 9 GANs indicates that these programs will not receive federal funding in the upcoming school year, which would end the grants prematurely and precipitously, without the usual grant funding cycle and the

period to use remaining carryover to prepare for the end of the grant term. The continuing uncertainty makes it almost impossible for the schools to perform essential functions to prepare for the 2026-2027 school year.

Dated: New York, New York
July 10, 2026

TODD LEVITT