

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 20, 2026

**By ECF**
The Honorable Arun Subramanian
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007

Re:    *Board of Education of the City School District of New York. v. United States Department of Education, et al.*, No. 25 Civ. 08547 (AS)

Dear Judge Subramanian:

This Office represents the Government in the above-referenced action brought by plaintiff The Board of Education of the City School District of New York ("Plaintiff"). We write in response to the Court's July 13, 2026 order (ECF No. 112, the "Order") directing the Government to produce an "administrative record and any declarations" on which it wishes to rely in response to Plaintiff's Second Motion to Enforce Summary Judgment Order (ECF No. 107). Plaintiff's motion stems from issuance of Grant Award Notifications ("GANs") by the Department of Education ("ED") on June 9, 2026.

In the June 9 GANs, ED, in compliance with the Court's June 4, 2026 order, "determine[d] the appropriate continued award amount for the grants at issue." ECF No. 104. However, in the current Order, the Court notes that Plaintiff's second motion to enforce alleges that "defendants' reduction in the grant amount and their decision to non-continue the grants was based on Title IX considerations without the required process" and states that it "cannot determine on the current record on what basis defendants (1) reduced the grant amount and (2) non-continued the grants." Order at 1. As is made clear in the attached documents and declarations, ED has not non-continued the MSAP grants at issue in this litigation. Further, it is incorrect to state that ED "reduced" the grant amount. As explained, in the accompanying declarations, ED made a determination regarding the appropriate amount of funding to disburse to Plaintiff for Fiscal Year 2026. Prior to this determination, Plaintiff was not entitled to any specific grant amount as was expressly stated in the initial GANs. *See* USDOE002622-USDOE002623; USDOE002745- USDOE002746; USDOE002992-USDOE002993; USDOE002858-USDOE002859; and USDOE002920- USDOE002921 ("The Secretary anticipates future funding for this award according to the schedule identified in Block 6 [$2,999,999]. These figures are estimates only and do not bind the Secretary to funding the award for these periods or for the specific amounts shown."). Accordingly, there is no administrative record regarding a "reduced" grant amount or non-continuing the applicable grants. The Government attaches to this letter the administrative record on which ED relied in issuing the June 9 GANs as well as the declarations on which it intends to rely in opposition to Plaintiff's Second Motion to Enforce.

In addition, the Order permits Plaintiff to file an amended complaint by July 24 "[s]hould plaintiff seek to challenge the determinations" on grounds other than enforcing the Court's prior order. Order at 1. The Government respectfully submits that it is too late for Plaintiff to file an amended complaint. The Second Circuit has held that it is inappropriate to permit the filing of an amended complaint once a judgment is entered, unless that judgment is set aside or vacated. *National Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 244-45 (2d Cir. 1991) (holding that "[u]nless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint"). Here, as the Court notes, its prior "judgment is now final." Order at 1. Accordingly, it would not be appropriate to permit Plaintiff to file an amended complaint. *Id.*; *see also F.D.I.C. v. Weise Apartments*, 192 F.R.D. 100, 103 (S.D.N.Y. 2000) (noting the "long accepted proposition that a complaint generally cannot be amended . . . after final judgment, unless the judgment is reopened and vacated . . . because, once final judgment has been entered, the complaint is merged into the judgment, and therefore the court no longer has subject matter jurisdiction to review the complaint") (internal citations omitted).

We thank the Court for its consideration of this letter.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: /s/ *Jeffrey Oestericher*
JEFFREY S. OESTERICHER
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2695
jeffrey.oestericher@usdoj.gov

CC: Plaintiffs' counsel (by ECF)