UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF NEW YORK,

Plaintiff,

v.

U.S. DEPARTMENT OF EDUCATION, et al,

Defendants.

Case No. 25 Civ. 08547 (AS)

**DECLARATION OF MURRAY BESSETTE**

I, Murray Bessette, do declare under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and accurate to the best of my information and belief:

1.      I was delegated the duties and functions of the Assistant Secretary of the Office of Planning, Evaluation and Policy Development ("OPEPD") at the United States Department of Education ("the Department" or "Education") effective approximately March 26, 2025. Subsequently, since July 13, 2025, I have been the Principal Deputy Assistant Secretary of Education. In this role, I serve as the principal adviser to the Secretary on all matters relating to policy development, implementation, evaluation, and review, budget proposals and processes, data strategy and governance, student privacy, and Department grantmaking.

2.      As part of my duties, it is my responsibility to utilize my discretion to determine and set an appropriate amount of funds once a continuation determination has been made.

3.      Continuation fund amounts are based on grantee performance, existing carryover funds available to the grantee, entity risk reviews, and other appropriate information. While the initial Grant Award Notification ("GAN") for a multiyear project identifies estimated funding

1

amounts for future budget periods, no grantee is guaranteed to receive that estimated funding amount . *See* 34 CFR § 75.253(e), titled "Amount of Continuation Award."

4.     In fact, here, the initial GANs each informed the grantees that they were not guaranteed any specific future grant amount. *See* USDOE002622-USDOE002623; USDOE002745-    USDOE002746;    USDOE002992-USDOE002993;    USDOE002858-USDOE002859; and USDOE002920- USDOE002921.

5.     In determining the continuation funding amounts awarded to the grantees in the June 9 GANs, the Department used a mathematical equation:

(Annual Requested & Estimated Average Award Amount of $2,999,999 rounded up to $3,000,000.00/12-Month Fiscal Year Period) x Three-Month Post-Approved Budget Period) – Remaining Carry-Over Funds = GAN Award Amount

6.     Each of these elements are further explained below:

   a.  **Annual Requested & Estimated Average Award Amount:** This amount was based on the submitted budgets prepared by the Plaintiff for each year of the grant, and the estimated funding amount for future budget periods contained in the grantees' initial GANs—$2,999,999. This amount was then rounded up to $3,000,000 and divided by 12, to reflect an average monthly amount of $250,000.00. This amount was the same for each grant.

   b.  **Three-Month Post-Approved Budget Period**: These five grants had large carryover balances on September 30, 2025. As part of the Court's consent decree, the grantees had access to these funds through the period covering June 30, 2026, and the grantees submitted and received approval for budgets utilizing the carryover funds for this period. However, the Department had limited information regarding the specific activities planned for the three-month period (July 1, 2026 – September 30, 2026) remaining in Fiscal Year

2026. Accordingly, the Department multiplied $250,000 (the monthly amount of the Annual Requested & Estimated Continuation Award Amount calculated in paragraph 6.a by three months to provide a proportionate amount of funds, totaling $750,000.00 for each grantee.

c. **Remaining Carry-Over Funds:** On May 27, 2026, Plaintiff provided the Court with a chart identifying each grantee's remaining carryover funding given anticipated personnel costs and open encumbrances. *See* Declaration of Todd Levitt, ECF No. 96, ¶¶ 7-8. The Department used this information to ascertain the approximate amount of funds that would remain available to each grantee after June 30, 2026. If the available balance was a negative figure, the Department assumed that the grantee had no funds available to it for the post-June 30, 2026 period.

7. The chart below illustrates the formula used by the Department to determine the June 9 GAN Award Amounts for each grantee. In addition, the last two columns of the chart illustrate the amount of funds made available to each grantee during Fiscal Year 2026 (October 1, 2025 – September 30, 2026) and compares that amount to the Annual Anticipated Award Amount:

| Grant | Annual Requested & Estimated Average Award Amount | Average Three-Month Award | Remaining Carry-Over Funds as reported by grantee | June 9 GAN Award Amount | Total amount of funds available for FY26 | Percentage of Annual Requested & Estimated Average Award Amount |
|---|---|---|---|---|---|---|
| S165A220032 | $2,999,999 | $750,000 | $0 | $750,000 | $2,217,172 | 74% |
| S165A220034 | $2,999,999 | $750,000 | $252,131 | $497,869 | $3,682,792 | 123% |
| S165A220037 | $2,999,999 | $750,000 | $211,808 | $538,192 | $2,983,374 | 99% |
| S165A230011 | $2,999,999 | $750,000 | $40,362 | $709,638 | $2,583,924 | 86% |
| S165A230012 | $2,999,999 | $750,000 | $0 | $750,000 | $3,491,671 | 116% |

8.     When deciding on continuation awards and their respective funding amounts for the GANs issued on June 9, 2026, the Department did not consider any alleged or actual civil rights violations or civil rights compliance concerns, including those regarding Title IX.

9.     At this time, the Department has not made any decisions regarding the continuation, length, or respective funding amounts of the grants after the current budget period ends on September 30, 2026. The Department is currently undergoing its normal review and consideration process for any potential continuation and funding decisions, as detailed in other declarations.

Executed on this 20th of July, 2026.

_____

Murray Bessette