UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, LINDA MCMAHON, in her capacity as Secretary of the United States Department of Education, CRAIG W. TRAINOR, in his capacity as Acting Assistant Secretary for Civil Rights, and LINDSEY M. BURKE, in her capacity as Deputy Chief of Staff for Policy and Programs, <br><br> Defendants. | No. 25 Civ. 08547 (AS) |

## **DECLARATION OF JENNIFER TODD**

I, Jennifer Todd, do declare under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and accurate to the best of my information and belief:

1. I am the Director of the Division of Family Empowerment and Education Choice at the U.S. Department of Education ("ED" or "Department") headquartered in Washington, D.C. where I have served in similar roles since September 2021.

2. In my role at ED, among my duties, I oversee the management of a discretionary grant portfolio including the federal Magnet School Assistance Program ("MSAP").

3. I make this declaration based on my own personal knowledge, information contained in the records of ED, and information provided to me by ED employees.

1

**Continuation Awards**

4.  On June 9, 2026, the Department awarded funding for the plaintiffs' five MSAP grants, as ordered by the Court.

5.  The process of obligating funds involves multiple steps in the Department's grants management system. Due to the limited time available after the Court's decision, staff prioritized awarding the funds for the current budget period, but we did not extend budget periods in the grants management system beyond September 30, 2026.

6.  Because only the current budget year was restored in the grant system, the system automatically treated the grant as being in its final year and added a clause to each grant agreement stating that it was in its last budget year.

7.  This system message was unintentional and the performance period for each of the grants remains through their original performance periods. Further, as stated in other declarations, the Department has not made any future funding or continuation decisions regarding any of the MSAP grants involved in this litigation, and all five MSAP grants will receive continuation determinations by the end of the current budget period (September 30, 2026).

**Reimbursement Pay Status**

8.  On June 9, 2026, when continuation funds were awarded, all five grants were placed under a pay condition called "Reimbursement Pay Status," in accordance with the Department's statutory discretion under 20 U.S.C. 1226a–1.

9.  This status does not prohibit access to grant funds. Instead, it requires grantees to spend their own funds first and then request reimbursement while providing appropriate documentation.

10. As of today, the Department has not received any reimbursement payment requests or requests for technical assistance to submit those requests, despite sending instructions to plaintiffs on June 15, 2026.

11. The Department remains ready and willing to assist plaintiffs in their submission of any reimbursement payment requests.

Executed on July 20th, 2026.

_____

Jennifer Todd

3