UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

THE BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW
YORK*,*

                Plaintiff,

         v.

UNITED STATES DEPARTMENT OF
EDUCATION, LINDA MCMAHON, in her
capacity as Secretary of the United States
Department of Education, KIMBERLY M. RICHEY
in her capacity as Assistant Secretary for
Civil Rights, and LINDSEY M. BURKE, in her
capacity as Deputy Chief of Staff for Policy and
Programs,

                Defendants.

_____

No. 25 Civ. 08547 (AS)

**DECLARATION OF JOSEPH WHEELER**

I, Joseph Wheeler, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as

follows:

     1.      I am an attorney in the U.S. Department of Education (ED), Office for Civil

Rights (OCR). My current work address is 400 Maryland Avenue, SW, Washington, DC

20202.

     2.      I am aware of litigation against ED in the above-captioned matter, which

challenges ED's September 2025 decision to non-continue FY2026 awards of five grants to

New York City Public Schools (NYCPS).

3.    I make this declaration based on personal knowledge and information made available to me in the course of my official duties.

### OCR's Role in the Magnet Schools Assistance Program

4.    As part of my duties, since April 2026, I have overseen OCR's review of grant applications and Annual Performance Reports (APRs) submitted under the Magnet Schools Assistance Program (MSAP).

5.    ED, through MSAP, awards grants to eligible local educational agencies (LEAs) or consortia of LEAs to support the development, implementation, or expansion of magnet school programs that eliminate, reduce, or prevent minority group isolation (MGI) in their schools. 20 U.S.C. §§ 7231(b)(1), 7231b. MSAP's authorizing statute prohibits ED from making awards unless ED's Assistant Secretary for Civil Rights determines that the LEA's nondiscrimination assurances "will be met." 20 U.S.C. § 7231d(c). A grantee must provide assurances that it will not engage in discrimination based on race, religion, color, national origin, sex, or disability in its employment practices, its assignment of students to schools or courses, or its design and operation of extracurricular activities. 20 U.S.C. § 7231d(b)(2)(C).

6.    MSAP grants can be awarded for a period of up to five fiscal years. 20 U.S.C. § 7231h(a). Prior to making an initial or continuation award each fiscal year, OCR employees review each LEA's initial application or APR, additional information provided by the LEA, input from OCR's enforcement offices, and related information and

2

documentation to advise the Assistant Secretary for Civil Rights as to whether the LEA will meet its nondiscrimination assurances.

7.    OCR reviews these materials for evidence that an LEA might be engaging in prohibited discrimination, such as taking into consideration the race of individual students when selecting students for admission to magnet schools, restricting participation in programs based on students' or employees' race or sex, or employing technology that is inaccessible to students with disabilities.

8.    When OCR's review reveals concerns or raises questions about an LEA's nondiscrimination assurances or where information relevant to OCR's review is missing, OCR contacts the LEA to request additional "information that is necessary for the Assistant Secretary for Civil Rights to determine whether the [nondiscrimination] assurances . . . will be met," 34 C.F.R. § 280.20(d), or provide technical assistance on compliance with federal civil rights laws.

### OCR's Review of FY2027 Continuation Awards

9.    In late May 2026, OCR employees began the review of 45 APRs that MSAP grantees had submitted in mid-May 2026, including the APRs NYCPS submitted for the five MSAP grants at issue in the above-captioned matter.

10.    On June 23, 2026, OCR employees sent emails to the MSAP project directors for the five NYCPS grants. Those emails asked clarifying questions about their desegregation plans and progress in preventing or reducing minority group isolation. OCR's purpose in asking these questions is to advise the Assistant Secretary for Civil

Rights as to her determination whether NYCPS will meet its nondiscrimination assurances and thus be eligible for continuation awards to be made for FY2027.

11.     On July 8, 2026, OCR received emails from the NYCPS MSAP project directors in which they responded to the questions and requests in OCR's June 23, 2026, emails.

12.     OCR employees are currently reviewing NYCPS's July 8, 2026, responses to OCR's questions, as well as other relevant materials to develop recommendations for the Assistant Secretary's determination regarding NYCPS nondiscrimination assurances.

13.     To my knowledge, no decisions have been made regarding FY2027 continuation awards for these grants. OCR's MSAP reviews for this cycle are on-going; certification determinations will be made by the end of September 2026 and will comply with the Court's April 8, 2026, order (ECF No. 83) permanently enjoining ED from "non-continuing MSAP grants to NYCPS based on Title IX findings or 'civil rights violations' related to Title IX without following the required Title IX procedures." *Id*. at 10.

July 17, 2026

_____        _____
Date                                  Joseph Wheeler

4