**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- x

THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK,
Plaintiff,
v.
UNITED STATES DEPARTMENT OF EDUCATION, et al.,
Defendants.

No. 25-cv-8547 (AS)

---------------------------------------------------------------------- x

THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK,
Plaintiff,
v.
UNITED STATES DEPARTMENT OF EDUCATION, et al.,
Defendants.

No. 26-cv-6584 (AS)

-------------------------------------------------------------------- x

**MELANIE C. T. ASH**, pursuant to 28 U.S.C. § 1746(2), declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen and have personal knowledge of all the facts stated herein, including knowledge based on the books and records of my office referenced herein.

2. I am a Deputy Chief in the office of the Corporation Counsel of the City of New York, and am the Lead Trial Attorney representing the Board of Education of the City School District of the City of New York ("NYCPS") in the above-entitled actions. I am admitted to practice in the courts of the State of New York and in the United States District Court for the Southern District of New York.

3. On July 31, 2026, NYCPS filed an action (the "Second Action") to challenge five Grant Award Notifications ("GANs") issued by Defendant United States Department of Education

(the "Department") on June 9, 2026 (the "June 9 GANs") in connection with the continuation of grants to NYCPS under the Magnet School Assistance Program ("MSAP") for the 2025-2026 budget year ("FY2026"), issued in supposed accordance with the April 8 and June 4, 2026 Orders of this Court in the related action, *The Board of Education of the City School District of the City of New York v. United States Department of Education, et al.*, 25-cv-8547, Dkt. 104 (S.D.N.Y. June 4, 2026) (the "First Action").

4. The Second Action requests that the June 9 GANs be vacated and set aside as having been undertaken without observance of procedures required by law, as arbitrary and capricious, based on an interpretive rule that was not adopted by notice and comment rulemaking, and as contrary to law, and further requests an order that the June 9 GANs be replaced with new GANs for FY2026 that reflect a lawful, appropriate, full-year funding determination that is consistent with the statutes and regulations that govern MSAP. NYCPS also seeks permanent injunctive relief enjoining the Department, in issuing future GANs in connection with NYCPS' MSAP grants, from unlawfully defunding or drastically reducing funds for the grants and from unlawfully imposing onerous or otherwise punitive conditions on the MSAP projects without a valid basis and/or in a manner inconsistent with the statutes and regulations that govern MSAP, together with any other appropriate relief required to effectuate the lawful, appropriate, full-year funding of NYCPS' continued FY2026 MSAP grants.

5. NYCPS is moving for summary judgment on its claims in the Second Action. It is also moving for preliminary injunctive relief and a temporary restraining order in both actions, which relief is necessary due to the imminent end of the federal fiscal year, and the fact that (1) USDE will be encumbering/exhausting the FY2026 MSAP appropriation by awarding grants to MSAP programs nationwide as part of the annual grant continuation process that occurs just prior

to the close of the fiscal year, September 30, 2026; and (2) the current, FY2026 appropriation by which MSAP's annual grants are funded itself will expire at the end of September.

6. Accordingly, NYCPS seeks relief on an expedited basis ordering Defendants to immediately set aside sufficient funds to ensure they are available to be awarded should the Court vacate the June 9 GANs and order USDE to make new, lawful, appropriate grant funding awards, and should USDE then determine that a higher award amount is appropriate.

7. NYCPS further seeks a court order suspending and/or ordering suspended the statutory lapse date for such set-aside, FY2026 appropriated funds to permit any such grant funding awards to be issued after the date on which the appropriation would otherwise expire, September 30, 2026.

8. NYCPS now respectfully moves this Court, pursuant to the accompanying Order to Show Cause, Memorandum of Law, and Declaration of Todd Levitt and exhibits attached thereto, to order that Defendants show cause as to why, pending the resolution of the motion for summary judgment in the Second Action and the Second Motion to Enforce in the First Action, Defendants should not be ordered to immediately set aside sufficient funds to ensure they are available to be awarded in the event that Plaintiff prevails in these actions.

9. In an email dated August 18, 2026, I advised Assistant United States Attorney Jeffrey Oestericher that NYCPS would be moving for a preliminary injunction by order to show cause and for summary judgment between Friday, August 21 and mid-week the following week, Wednesday August 26, 2026. I asked Mr. Oestericher whether Defendants would stipulate to the interim relief Plaintiff intended to seek. By email on August 24, 2026, Mr. Oestericher advised me that Defendants declined to do so.

10. In my August 18, 2026 email I also proposed an expedited briefing schedule. The parties subsequently discussed and agreed upon a briefing schedule to propose to the Court, which was set out in a letter motion to the Court dated August 24, 2026 (ECF Dkt. 19 in 26-cv-6584) schedule.

11. As agreed by the parties, Plaintiff will file its motion for summary judgment on Wednesday, August 26, 2026; Defendants will file their opposition to the motion and any cross-motion by September 4, 2026, with Plaintiff's reply/opposition to any cross-motion filed on September 11, 2026 and any reply filed by Defendants on September 18, 2026, assuming that the Court is amenable to adjourn the argument to September 21, 2026. Counsel for Plaintiff filed a letter motion on August 24, 2026, seeking the Court's approval of that schedule and the adjournment of the hearing scheduled for September 14, 2026 to September 21, 2026. The letter motion also requested, on behalf of both parties, the Court's approval of an extra word limit of 10,000 words for each party's opening briefs.

Dated: New York, New York
August 26, 2026

*/s/ Melanie C.T. Ash*
MELANIE C. T. ASH