UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK,<br>Plaintiff,<br>-against-<br>UNITED STATES DEPARTMENT OF EDUCATION, LINDA MCMAHON, in her capacity as Secretary of the United States Department of Education, CRAIG W. TRAINOR, in his capacity as Acting Assistant Secretary for Civil Rights, LINDSEY M. BURKE, in her capacity as Deputy Chief of Staff for Policy and Programs,<br>Defendants. | 25-CV-8547 (AS)<br>ORDER |
| THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK,<br>Plaintiff,<br>-against-<br>UNITED STATES DEPARTMENT OF EDUCATION, LINDA MCMAHON, in her capacity as Secretary of the United States Department of Education, MURRAY BESSETTE, in his capacity as Principal Deputy Assistant Secretary and Acting Assistant Secretary of Education, JENNIFER TODD, in her capacity as Director of the Division of Family Empowerment and Education Choice, LAVANNA WEEMS, in her capacity as Supervisory Management Program Analyst,<br>Defendants. | 26-CV-6584 (AS)<br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

For the reasons set forth on the record at the September 24, 2026, hearing, which will be supplemented in a forthcoming opinion, the plaintiff's motion for summary judgment in 26 Civ. 6584, ECF 22, is GRANTED. Defendants' cross-motion to dismiss the complaint, or alternatively for summary judgment in 26 Civ. 6584, ECF 35, is DENIED. The plaintiff's pending motion to enforce the judgment in 25 Civ. 8547, ECF 107, is DENIED without prejudice in light of the Court's ruling on plaintiff's motion for summary judgment. Defendants' Grant Award Notifications are VACATED.

Defendants are ordered, within 10 days, to reassess their award of grant funds for FY 2026, as well as their determination that the grants be placed in reimbursement status. They must explain *how* and *why* the existence of carryover funds from FY 2025 impacts the grant awards for FY 2026 in light of the planned use of both FY 2025 and FY 2026 funds, contained in information submitted to defendants in connection with these grants, as addressed at the September 24, 2026, hearing. Consistent with defendants' representations to the Court and the Court's prior decisions, they should not rely, explicitly or implicitly, on concerns relating to Title IX.

In order to effectuate this relief, and pending defendants' decision, defendants are enjoined from obligating, disbursing, processing, returning to the U.S. Treasury, or otherwise making unavailable at least $11,754,296 of the funds appropriated for the fiscal year that began on October 1, 2025, for grants under the Magnet School Assistance Program (the "Reserved Funds"). Defendants must also continue to ensure that such Reserved Funds remain available for the grants at issue should defendants determine that an award is appropriate. At the September 24, 2026,

hearing, defendants represented that the funds would remain available, consistent with *Westchester v. U.S. Dep't of Hous. & Urb. Dev.*, 778 F.3d 412, 417 n.8 (2d Cir. 2015).

If either the plaintiff or defendants seek any modification to this order, they should promptly request such relief from the Court.

SO ORDERED.

Dated: September 24, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge