THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**MELANIE ASH**
Deputy Chief, Affirmative Litigation
mash@law.nyc.gov 212-356-2276

November 12, 2026

**VIA ECF**

Hon. Arun Subramanian
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Board of Education of the City School District of the City of New York v. United States Department of Education, et al.*, No. 25-cv-08547 (AS);

*Board of Education of the City School District of the City of New York v. United States Department of Education, et al.*, No. 26-cv-06584 (AS)

Dear Judge Subramanian:

I write as counsel to Plaintiff in the above-captioned actions to make two requests in connection with a planned motion to enforce this Court's Orders of September 24, 2026 and October 5, 2026 granting summary judgment in *Board of Education v USDE*, 26-cv-06584 (the "Summary Judgment Order"), ECF No. 43.

The first request is to seek an extension of the time period during which the FY2026 funds must remain available. Pursuant to this Court's memorandum order on September 28, 2026 so-ordering Plaintiff's prior amendment request (ECF No. 47), the Summary Judgment Order now provides that Defendants are enjoined from obligating, disbursing, processing, returning to the U.S. Treasury, or otherwise making unavailable at least $14,999,995 of the funds appropriated for the fiscal year that began on October 1, 2025 ("FY 2026") (the "Reserved Funds") for no less than 60 days following notification to Plaintiff of Defendants' reassessment of the award of grant funds, and any corresponding issuance of new GANs, to ensure those funds remain available to be awarded to Plaintiff AND to protect Plaintiff's ability to obtain relief in the event it seeks to challenge the lawfulness of Defendants' reassessment decision.

On October 3, 2026, Defendant issued a reassessment of Plaintiff's MSAP grant awards, which was followed on October 14th by GANs reflecting the reassessed awards.

Accordingly, the 60 days began to run on either of October 3rd or October 14th, 2026. As Plaintiff is now preparing to file a motion to enforce this Court's Summary Judgment Order, **Plaintiff now respectfully requests, out of an abundance of caution, that this Court extend the period during which Defendants are enjoined from obligating, disbursing, processing, returning to the U.S. Treasury, or otherwise making unavailable, the Reserved Funds, until further Order of this Court issued in connection with the resolution of Plaintiff's planned motion to enforce.** I met and conferred with Assistant United States Attorney (AUSA) Jeffrey Oestericher, counsel to Defendants, concerning this request. Defendants' position is that the requested relief is unnecessary, and they respectfully refer the Court to their submission on this issue set out in the parties' joint status letter dated November 4, 2026 (ECF No. 50): "By statute, FY 2026 funds available to satisfy obligations properly chargeable to the account before the lapse in appropriations retain their fiscal-year identity for five years. *See Westchester v. United States Dep't of Housing and Urban Development*, 778 F.3d 412, 417 n.8 (2d Cir. 2015)."

Second, Plaintiff respectfully requests that this Court approve an enlargement of the word limits for the initial briefs to be filed by both parties in connection with Plaintiff's planned motion to enforce. In light of the extensive history of the litigation in the above listed matters, much of which is relevant to the motion to enforce, and in particular to the remedies Plaintiff intends to seek, we respectfully request an additional 2,000 words for Plaintiff's opening brief. I have conferred with AUSA Oestericher with regard to this request, and he has consented to the requested enlargement, so long as it is made available to both parties. Accordingly, **Plaintiff is seeking, on consent, an enlargement of the word limits for opening briefs filed by both parties in connection with Plaintiff's anticipated motion to enforce, to 10,750.**

We thank the Court for its consideration of Plaintiff's requests.

Respectfully submitted,

Melanie Ash

GRANTED.

cc: Jeffrey Oestericher, Esq. (via ECF)

In order to ensure effective relief, defendants are hereby enjoined from obligating, disbursing, processing, returning to the U.S. Treasury, or otherwise making unavailable at least $14,999,995 of the funds appropriated for the fiscal year that began on October 1, 2025, for grants under the Magnet School Assistance Program, until this case is closed.

Both parties' briefs regarding the anticipated motion to enforce may be up to 10,750 words. Any reply brief may be up to 5,000 words.

The Clerk of Court is respectfully directed to terminate the motion at ECF 51.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: November 13, 2026